## CONNECTICUT HUMANE SOCIETY *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
### (14079)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued February 15—decision released May 21, 1991

*Constance L. Chambers,* assistant general counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellant (named defendant).

*Robert J. Cathcart,* with whom was *Gregory T. D'Auria,* for the appellee (plaintiff).

HULL, J. The dispositive issue in this appeal is whether the plaintiff, the Connecticut Humane Society (society), is a public agency within the meaning of

General Statutes § 1-18a (a).[1] We conclude that the society is not a public agency and accordingly affirm the judgment of the trial court.

The material facts are as follows. The defendant Julie Lewin, the Connecticut coordinator for the Fund for Animals, filed a complaint with the named defendant, the freedom of information commission (FOIC), claiming that the society's failure to file a schedule of its meetings with the secretary of the state and its failure to provide her with notice of its scheduled meetings and its agenda, following her request, were in violation of our Freedom of Information Act (FOIA). See General Statutes §§ 1-21 (a) and 1-21c.[2] The soci-

---

[1] General Statutes § 1-18a (a) provides: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions."

[2] General Statutes § 1-21 (a) provides in pertinent part: "Each such public agency of the state shall file not later than January thirty-first of each year in the office of the secretary of the state the schedule of the regular meetings of such public agency for the ensuing year, except that such provision shall not apply to the general assembly, either house thereof or to any committee thereof."

General Statutes § 1-21c provides: "The public agency shall, where practicable, give notice by mail of each regular meeting, and of any special meeting which is called, at least one week prior to the date set for the meeting, to any person who has filed a written request for such notice with such body, except that such body may give such notice as it deems practical of special meetings called less than seven days prior to the date set for the meeting. Such notice requirement shall not apply to the general assembly, either house thereof or to any committee thereof. Any request for notice filed pursuant to this section shall be valid for one year from the date on which it is filed unless a renewal request is filed. Renewal requests for notice shall be filed within thirty days after January first of each year. Such public agency may establish a reasonable charge for sending such notice based on the estimated cost of providing such service."

ety moved to dismiss the complaint, claiming that it is not a public agency subject to the FOIA. See General Statutes § 1-18a (a). Following hearings, the FOIC concluded that the society is a public agency to the extent that it performs activities authorized by various state statutes. See General Statutes §§ 29-108b, 29-108c, 29-108e through 29-108g, 53-247 through 53-253. The society appealed to the Superior Court, which sustained the appeal, concluding that because the society does not receive government funds, it is not a public agency within the meaning of § 1-18a (a). The trial court further concluded that, even if government funding is not essential to public agency status, the society is not a public agency. The FOIC appealed to the Appellate Court and we thereafter transferred the appeal to ourselves pursuant to Practice Book § 4023.

The FOIC claims that the trial court: (1) mistakenly concluded that the absence of government funding compelled its conclusion that the society is not a public agency subject to the FOIA; and (2) improperly substituted its judgment for that of the FOIC, concluding that, even if government funding is not essential, the society is not a public agency.

I

The FOIC first claims that the trial court should not have concluded that an entity must receive government funding in order to be a public agency subject to the FOIA. We agree.

General Statutes § 1-18a (a) provides in pertinent part: " '[P]ublic agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state . . . ." In cases such as this, where it is unclear whether

a hybrid public/private entity falls within the definition set forth in § 1-18a (a), we have interpreted the section to include within its scope an entity that is the functional equivalent of a public agency. *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 554–55, 436 A.2d 266 (1980). In determining whether an entity is the functional equivalent of a public agency, we consider the following criteria: "(1) whether the entity performs a governmental function; (2) the level of government funding; (3) the extent of government involvement or regulation; and (4) whether the entity was created by the government."[3] Id., 554; see also *Hallas* v. *Freedom of Information Commission,* 18 Conn. App. 291, 294, 557 A.2d 568 (1989).

In *Hallas* v. *Freedom of Information Commission,* supra, 295, the Appellate Court concluded that "[u]nless all four factors [of the functional equivalency test] are present, the agency does not meet the test and cannot be considered a public agency." Relying on *Hallas* v. *Freedom of Information Commission,* supra, the trial court concluded that because it is undisputed that the society does not receive government funding, one of the four criteria is not satisfied and that, therefore, the society cannot be considered a public agency.

In light of the myriad of organizational arrangements that may be confronted, under the functional equivalency approach, " 'each new arrangement must be examined

---

[3] We derived the functional equivalency test from federal case law interpreting the federal Freedom of Information Act. See *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 553, 436 A.2d 266 (1980). "Although our Freedom of Information Act does not derive from any model act or the federal Freedom of Information Act, other similar acts, because they are in pari materia, are interpretively helpful, especially in understanding the necessary accommodation of the competing interests involved. See 2A Sutherland, Statutory Construction (4th Ed.) §§ 51.06, 52.03." *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 333, 435 A.2d 353 (1980).

anew and in its own context.' *Washington Research Project, Inc.* v. *Department of Health, Education & Welfare,* [504 F.2d 238, 245–46 (D.C. Cir. 1974), cert. denied, 421 U.S. 963, 95 S. Ct. 1951, 44 L. Ed. 2d 450 (1975)]. . . . A case by case application of the factors noted above is best suited to ensure that the general rule of disclosure underlying this state's FOIA is not undermined by nominal appellations which obscure functional realities." *Board of Trustees* v. *Freedom of Information Commission,* supra, 554–56. "All relevant factors are to be considered cumulatively, with no single factor being essential or conclusive." *Railway Labor Executives' Assn.* v. *Consolidated Rail Corporation,* 580 F. Sup. 777, 778 (D.D.C. 1984), citing *Rocap* v. *Indiek,* 539 F.2d 174, 180–81 (D.C. Cir. 1976); see also *Irwin Memorial Blood Bank of the San Francisco Medical Society* v. *American National Red Cross,* 640 F.2d 1051, 1055 (9th Cir. 1981); *Ciba-Geigy Corporation* v. *Mathews,* 428 F. Sup. 523, 527 (S.D.N.Y. 1977).

We conclude that because the determination of whether a hybrid public/private entity is a public agency subject to the FOIA requires a balanced case-by-case consideration of various factors, the trial court improperly concluded that simply because the society does not receive government funding, it cannot be considered a public agency.

## II

The FOIC next claims that, in applying the functional equivalency test, the trial court improperly substituted its judgment for that of the FOIC and, therefore, mistakenly concluded that the society is not a public agency. We disagree.

"The interpretation of statutes presents a question of law. *Connecticut Hospital Assn.* v. *Commission on Hospitals & Health Care,* 200 Conn. 133, 139–40, 509

A.2d 1050 (1986)." *Board of Education* v. *Freedom of Information Commission,* 217 Conn. 153, 158, 585 A.2d 82 (1991). " 'Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts; see General Statutes [Rev. to 1987] § 4-183 (g); *Board of Aldermen* v. *Bridgeport Community Antennae Television Co.,* 168 Conn. 294, 298–99, 362 A.2d 529 (1975); *Westport* v. *Norwalk,* 167 Conn. 151, 355 A.2d 25 (1974); 2 Am. Jur. 2d, Administrative Law §§ 645, 675; it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. *N.L.R.B.* v. *Brown,* 380 U.S. 278, 291, 85 S. Ct. 980, 13 L. Ed. 2d 839 (1965); *International Brotherhood of Electrical Workers* v. *N.L.R.B.,* 487 F.2d 1143, 1170–71 (D.C. Cir. 1973), aff'd sub nom. *Florida Power & Light Co.* v. *International Brotherhood of Electrical Workers,* 417 U.S. 790, 94 S. Ct. 2737, 41 L. Ed. 2d 477 (1974); 73 C.J.S., Public Administrative Bodies and Procedure § 69.' " *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 342–43, 435 A.2d 353 (1980).

Because the FOIC's conclusion that the society is a public agency required an interpretation of § 1-18a (a), its decision was a determination of law. *Board of Education* v. *Freedom of Information Commission,* supra. The trial court's review of this decision, therefore, required a determination of whether the FOIC acted unreasonably, arbitrarily, illegally or in abuse of its discretion and whether the FOIC's decision is supported by the evidence. *Board of Education* v. *Freedom of Information Commission,* 208 Conn. 442, 452, 545 A.2d 1064 (1988); *New Haven* v. *Freedom of Information Commission,* 205 Conn. 767, 773, 535 A.2d 1297 (1988); *Board of Trustees* v. *Freedom of Information Commission,* supra, 548–49.

The trial court concluded that because the society satisfied only one of the four criteria of the functional

equivalency test, the governmental function prong, and that only in part, the FOIC improperly concluded that the society is a public agency. The trial court implicitly concluded, therefore, that the FOIC's decision was unsupported by the evidence. We agree and conclude that, in light of the evidence, the trial court properly concluded that the society is not a public agency within the meaning of § 1-18a (a).

Although the society was chartered by the General Assembly in 1881, the trial court aptly noted that, at that time, it was common practice for the General Assembly to incorporate private institutions. See S. Cross, Corporation Law in Connecticut (1972) § 1.2; see also *Lombardo* v. *Handler,* 397 F. Sup. 792, 794 (D.D.C. 1975), aff'd, 546 F.2d 1043 (D.C. Cir. 1976), cert. denied, 431 U.S. 932, 97 S. Ct. 2639, 53 L. Ed. 2d 248 (1977) (although national academy of sciences created by government charter, significant that at time of creation, Congress exercised exclusive authorization over all acts of incorporation in District of Columbia). The mere presence of a government charter, therefore, does not compel the conclusion that the society is a public agency. *Rocap* v. *Indiek,* supra, 177.

The society has a substantial endowment. Because the society determined that it prefers to operate without conditions imposed in connection with the acceptance of state appropriations, it has not received an appropriation of state funds since 1933. Thus, in marked contrast to *Board of Trustees* v. *Freedom of Information Commission,* supra, 554, in which the academy was almost entirely publicly financed, there is no element of government funding in the present case.

The purpose of the society is to promote humanity and kindness, to prevent cruelty to both man and lower

animals, to provide information and literature to the public and to assist in the prosecution of crimes of a cruel and inhuman nature. In furtherance of this purpose, the society provides an educational program for schools, in addition to a pet cemetary and general information on pet care. It also provides for the euthanasia of unwanted pets. Moreover, agents of the society have statutory authorization to: (1) prevent cruel treatment of animals and impose fines or terms of imprisonment for interference with such prevention; General Statutes § 29-108c; (2) detain abandoned or cruelly treated animals; General Statutes § 29-108e; (3) collect fees for costs associated with the detention of animals from the owners of the animals; General Statutes § 29-108e; see also General Statutes § 29-108f; and (4) kill animals under special circumstances. General Statutes § 29-108g. The commissioner of public safety is authorized by statute to appoint agents of the society as special police officers, who have the power to arrest and detain persons for violating statutes concerning cruelty to animals. General Statutes § 29-108b; see also General Statutes §§ 53-247 through 53-253.

Because law enforcement is traditionally a function of the government, the society performs a governmental function to the extent that it engages in the law enforcement activities authorized by statute. See General Statutes §§ 29-108b and 29-108c. Because legislation designed to protect animals from cruelty and neglect is recognized as a valid exercise of the police power; 4 Am. Jur. 2d, Animals § 27; arguably, the society also performs a governmental function insofar as it engages in the statutorily authorized activities involving the detention, shelter and euthanasia of animals. See General Statutes §§ 29-108e, 29-108g. Nevertheless, the society is not required to undertake any of the activities authorized by statute. Moreover, the state still

plays a predominant role in preventing the cruel and inhuman treatment of animals. See, e.g., General Statutes § 22-272a (approved methods of slaughter), § 22-329 (prevention of cruelty to dogs and other animals), § 22-332a (restrictions on use of dogs for medical research), § 22-336 (maintenance of dog pounds), § 22-342 (b) (inspection of kennels), § 22-415 (prevention of cruel and inhuman treatment of equines).

Local police, dog wardens and the department of agriculture routinely use the society to investigate complaints of animal abuse and neglect. The society issues warnings and refers continuing instances of animal cruelty and neglect to the office of the state's attorney. The office of the state's attorney and the police rely upon the society to hold detained animals and to provide expertise upon request.

Although the society cooperates with the state in its efforts to prevent cruel and inhuman treatment of animals, there is nothing in the record to indicate that the state in any way controls or regulates the society. Compare *Board of Trustees* v. *Freedom of Information Commission,* supra (academy has its operations examined and certified by state board of education); *Hallas* v. *Freedom of Information Commission,* supra, 296 (because bond counsel did not operate under direct, pervasive or continuous regulatory control of government, regulatory prong not satisfied); see also *Forsham* v. *Harris,* 445 U.S. 169, 180, 100 S. Ct. 978, 63 L. Ed. 2d 293 (1980); *Railway Labor Executives' Assn.* v. *Consolidated Rail Corporation,* supra, 779. The society is not required to perform any of the activities authorized by statute. Furthermore, performance of the activities is not subject to governmental review. The society is self-directed and its employees are not government employees. Compare *Irwin Memorial Blood Bank of the San Francisco Medical*

*Society* v. *American National Red Cross,* supra, 1057 (some degree of government control can be inferred from Presidential power of appointment to governing body of Red Cross).

Balancing all the applicable factors, we conclude that, in light of the evidence, the trial court properly concluded that the society is not a public agency.

The judgment is affirmed.

In this opinion the other justices concurred.