[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an appeal by the Plaintiffs of a Cease and Desist Order issued on October 1, 1990 by the Inland Wetlands Conservation Commission of the Town of South Windsor.
The Plaintiff, Frank E. Ahearn, holds real property located at 432 Buckland Road, South Windsor, Connecticut, in trust for the Plaintiff, Mary I. Ahearn.
During May, 1990, the Plaintiffs caused an earthen berm to be constructed on the premises. On July 16, 1990 and September 17, 1990, the Defendant Commission held meetings in order to determine whether fill used in the construction of the berm was placed in an intermittent watercourse in violation of the Commission's Regulations and the Conn. General Statutes. (Return of Record, Transcripts of meetings of July 16 and September 17, 1990).
On October 5, 1990, the Defendant Commission issued a Cease and Desist Order directing the Plaintiff, Frank E. Ahearn, "to remove the fill which has been placed in, and diverts water away from, the existing intermittent watercourse on property at and adjacent to 432 Buckland Road". (ROR, letter of October 1, 1990). In that Cease and Desist Order the Defendant Commission stated:
 "The Commission has concluded that the fill which has been placed in the intermittent watercourse is a regulated activity and is therefore a violation. . . . .
 These activities have occurred without the required permit (Section 22a-42a, CGS and Section VI of the South Windsor Inland Wetlands/Watercourses, and Conservation Regulations) and constitute a violation of the law, contrary to the public policy set forth [in] Section 22a-36 CGS." (ROR, Town of South Windsor letter dated Oct. 1, 1990). CT Page 11033
On October 15, 1990, the Defendant Commission held a hearing in order to permit the Plaintiffs to attempt to show that the Cease and Desist Order should be withdrawn. After the hearing, the Commission voted to uphold the Cease and Desist Order (ROR, Transcript of Minutes of October 15, 1990 meeting, pp. 18, 19). On October 16, 1990, the Commission notified the Plaintiffs of the Commission's action (ROR, Town of South Windsor letter dated October 16, 1990).
On November 2, 1990, the Plaintiffs filed the appeal against the Defendant Commission, and against Leslie Carothers, Commissioner of the Department of Environmental Protection.[1] Plaintiffs allege that the Defendant Commission acted arbitrarily, illegally and in abuse of its discretion in that it amended the boundaries of inland wetlands and watercourses without holding a public hearing, and without having first designated the area as an area subject to its regulation, in violation of Conn. General Statutes22a-42a(a) and (b) and 16.1, 16.2, 2.1 (i and j) and 3.1 of the Defendant Commission's regulations.[2] (Appeal)
On December 3, 1991, the Plaintiffs filed their brief, and on December 31, 1990, the Defendant Commission filed an Answer and Return of Record. On February 18, 1992, the Defendant Commission filed its brief.
On November 13, 1992 a hearing was held before the Court regarding this appeal.
Jurisdictional Requirements
1. Aggrievement
"[A]ny person aggrieved by any . . . order . . . made pursuant to sections 22a-36 to 22a-45, inclusive, by the . . . district or municipality . . . may appeal to the superior court . . ." General Statutes 22-43. At the hearing, the Court, Walsh, R.A., J., found the Plaintiffs to be aggrieved by the Defendant Commission's decision.
2. Timeliness
Pursuant to General Statutes 22a-43 (a), as in effect in 1990, when the Plaintiffs took their appeal,[3] the appeal procedure is governed by the provisions of General Statutes CT Page 110344-183. "Within forty-five days after mailing of the final decision . . . a person appealing . . . shall serve a copy of the appeal on the agency that rendered the final decision . . . and file the appeal with the clerk of the superior court for the judicial district" where the land affected is located. General Statutes 4-183 (c).
In the present case, the Defendant Commission's final decision is dated October 16, 1990. (ROR, Town of South Windsor letter of October 16, 1990). Service was completed on October 26, 1990. (Sheriff's Return). The appeal was filed on November 3, 1990. (Appeal). Hence, the appeal is timely.
Scope of Review
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal . . . ."
General Statutes 4-183 (j).
The agency's decision must be sustained if an examination of the record discloses substantial evidence that supports any one of the reasons given. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-40,525 A.2d 940 (1987). The credibility of witnesses and the determination of factual issues are matters solely within the province of the agency. Id. If the stated reasons for the agency's decision are inadequate, the court must search the record for reasons to support the agency's decision. Gagnon v. Inland Wetlands Watercourses Commission, 213 Conn. 604, CT Page 11035 611-12, 569 A.2d 1094 (1990); Kaesar v. Conservation Commission, 20 Conn. App. 309, 311-12, 567 A.2d 383 (1989). "Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts; it is for the courts, and not for administrative agencies to expound and apply governing principles of law." Connecticut Humane Society v. Freedom of Information,218 Conn. 757, 762, 591 A.2d 395 (1991).
Legal Issues
Conn. General Statutes 22a-42a(b) states: "[I]nland wetland and watercourse boundaries may be from time to time, amended, changed or repealed, by majority vote of the inland wetlands agency, after a public hearing, in relation thereto, is held by the inland wetlands agency, . . . for which notice shall be published . . . ." The Plaintiffs argue that by stating in the Cease and Desist Order that the Plaintiffs conducted a regulated activity by placing fill in an intermittent watercourse on and adjacent to their property, without first designating the area as a watercourse in accordance with Section 22a-42a(b) the Defendant Commission is changing the boundaries of the Town Wetlands Map, because the Map does not show an intermittent watercourse on the Plaintiffs' property. Plaintiffs argue that the change in the Map without a hearing and notice violates General Statutes 22a-42a, and deprives the Plaintiffs of due process, and that the Cease and Desist Order should therefore be declared a nullity.
The Defendant Commission raises several arguments in its brief. First, the Defendant Commission argues that the Town Wetlands Map specifically states that the regulated areas are generally depicted on this map and are subject to field verification, and that it further directs readers of the Map to `See inland wetlands and watercourses regulations of the Town of South Windsor.' (Defendant's Brief p. 4, Exhibit F). The Defendant Commission argues that 2.1j of the Wetlands Regulations states: "The regulated area, however, shall be that which actually exists . . . ." (Defendant's Brief, p. 4, Exhibit G. The Commission also argues that Section 2.1p of the Regulations defines Watercourses and includes intermittent waterways. (Defendant's Brief, p. 4, Exhibit G). The Defendant Commission argues that based upon the Wetland Enforcement Officer's field verification and reports by the CT Page 11036 Department of Environmental Protection and the Hartford County Soil and Water Conservation District, the Defendant Commission could reasonably conclude that an intermittent watercourse existed at the Plaintiffs' property.
Further, the Defendant Commission argues that the Plaintiffs "did have due process and fair play . . . . [T]hey or their attorney appeared and participated in the meetings/hearings of July 16, 1990, September 17, 1990 and October 15, 1990 . . . ." (Defendant's Brief, p. 5).
Finally, the Defendant Commission argues that the Plaintiffs' argument that the Defendant Commission did not follow the 22a-42a procedure for boundary changes places "form ahead of substance," because the Defendant Commission would have "to first change the map . . . and then . . . issue the same cease and desist order." (Defendants' Brief, p. 5).
At oral argument the parties agreed that the primary issue is whether the actions of the Defendant Commission, which designate the Plaintiffs' property as a regulated area, even though it is not so designated on the Map, constitute an amendment to the Town Wetlands Map, without the statutorily-required public hearing and notice.
"Watercourses" are defined as "rivers, streams, brooks, waterways . . . and all other bodies of water . . . ." General Statutes 22a-38 (16). Similarly, the Commission's regulations define "watercourses" as "rivers, streams, brooks, waterways . . . and all other bodies of water . . . vernal or intermittent . . . ." Regulations 2.1p. The inclusion of the terms "vernal or intermittent" in a regulation is not contrary to General Statutes 22a-38 (16), because the terms clarify the statutory "watercourses" definition. Aaron v. Conservation Commission, 183 Conn. 532,545, 441 A.2d 30 (1981).
At the July 16, 1990 regular meeting of the Commission, the Plaintiff Frank E. Ahearn, stated that a "ditch" exists on the subject property, and admitted that the ditch "collects surface water from that hill, it collects it from rainfall and from melting snow." (ROR, Minutes of July 16, 1990 Commission Meeting, Page 3). Accordingly, the Commission could have reasonably concluded that a watercourse CT Page 11037 exists on the plaintiffs' property, because the statutory and regulatory definitions of the term "watercourse" include "all other bodies of water," and the regulatory definition includes "vernal or intermittent" bodies of water. (See discussion of substantial evidence below.)
Webster's Ninth New Collegiate Dictionary defines vernal as "occurring in the spring", and intermittent as "coming and going at intervals". The Commission's regulations define the term "regulated area" as meaning "all wetlands and watercourses . . . and all areas within . . . 80 feet of the boundary of such watercourse." Regulations 2.1j. Accordingly, the conclusion that a watercourse exists on the Plaintiffs' property requires the conclusion that the Plaintiffs' property is a regulated area, regardless of the designation shown on the Map.
In addition, the Commission's regulations state:
 "The Commission shall establish a boundary map which shall be entitled "Inland Wetlands and Watercourses, Town of South Windsor, Connecticut." A copy of such map shall be kept in file in the Planning Department and Town Clerk's Office. Regulated areas will be generally shown on such map. The regulated area, however, shall be that which actually exists . . . ."
Regulations 3.1.
The Town Wetlands Map states: "Regulated areas (wetlands, watercourses waterbodies), are generally depicted on this map, and are subject to field verification." (Defendant's Exhibit A).
Pursuant to the Map and Regulation 3.1, the Defendant Commission's actions did not constitute a change to the Map, because the Map only generally shows regulated areas, and the regulated area is "that which actually exists." Emphasis added.
Furthermore, since the Map specifically directs those who might be reading it to "See inland wetlands and watercourses regulations of the Town of South Windsor", those CT Page 11038 regulations are in effect part of the Map, and therefore there was no need to amend the Map.
The only remaining issue is whether the Defendant Commission's conclusion that a watercourse exists on the Plaintiffs' property is supported by substantial evidence. Opinion letters prepared by the Department of Environmental Protection and the Hartford County Soil and Water Conservation District both conclude that a watercourse exists on the Plaintiffs' property. (ROR, Department of Environmental Protection letter of August 20, 1990; Hartford County Soil and Water Conservation District letter of September 5, 1990). Town Wetlands Enforcement Officer John McCahill stated that a watercourse exists on the Plaintiffs' property. (ROR, Town of South Windsor letter of May 31, 1990). Plaintiff Frank Ahearn testified that the ditch on the Plaintiffs' property has water flowing through it during periods of rainfall or the melting of snow. (ROR, Transcript of July 16, 1990 meeting, page 3). Accordingly, the Defendant Commission's conclusion that a watercourse exists on the Plaintiffs' property is supported by substantial evidence.
For the reasons stated above, the appeal is dismissed.
RICHARD A. WALSH, J.