[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by plaintiff Eleanor de Aguirre from a decision of defendant Freedom of Information Commission of the State of Connecticut ("FOIC") determining that the CT Page 8216-p Gales Ferry Community Center Association, Inc. ("GFCCA") is not a public agency under the provisions of the Freedom of Information Act, General Statutes 1-7 through 1-21 ("FOIA").
The plaintiff sent a letter, dated June 26, 1991, to Barbara Schaafsma, president of the GFCCA, requesting a copy of a "`letter of agreement between the two parties,' under which the Community Center operates," as well as information regarding the purchase of certain new doors by the GFCCA. On July 15, 1991, the plaintiff filed a letter, dated July 11, 1991, with the FOIC claiming that the GFCCA had refused to comply with the provisions of the FOIA in that it did not respond to her written request for information and requesting a determination as to whether the GFCCA is a public agency as defined in the FOIA.
After a hearing held by a commissioner and in accordance with the commissioner's proposed decision, the FOIC determined that the GFCCA is not a public agency.
The plaintiff claims that the FOIC misapplied the functional equivalency test and that the FOIC's determination that the CT Page 8216-q GFCCA is not the functional equivalent of a public agency is not supported by the evidence. The FOIC asserts that the court must uphold its decision because it is reasonably based upon the evidence and existing law.
The court's scope of review of an administrative agency is limited. Ottochian v. FOIC, 221 Conn. 393, 397 (1992). The court is not to substitute its judgment for that of the agency, but is instead only to determine whether the agency's action, in light of the evidence, was unreasonable, arbitrary or an abuse of its discretion. Board of Education v. FOIC, 208 Conn. 442, 452 (1988). "Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to facts found and could reasonably and logically follow from such facts." New Haven v. FOIC, 205 Conn. 767,774 (1988).
The FOIC's determination that the GFCCA is not public agency required an interpretation of General Statutes 1-18a(a); therefore, its decision was a determination law. Connecticut Humane Society v. FOIC, 218 Conn. 757, 762 (1991). Accordingly, CT Page 8216-r the function of this court in reviewing the FOIC's decision is to determine "whether the FOIC acted unreasonably, arbitrarily, illegally or in abuse of its discretion and whether the FOIC's decision is supported by the evidence." Id.
General Statutes 1-19(a) provides in part:
 Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15.
Section 1-18a(a) provides:
 "Public agency" or "agency" means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau board, commission, authority or CT Page 8216-s official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official, and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions.
In Board of Trustees v. FOIC, 181 Conn. 544, 554 (1980), the Connecticut Supreme Court adopted a "functional equivalent" test to determine whether hybrid public/private entities were to be deemed "public agencies" for the purposes of the disclosure provisions of the FOIA and set forth the following criteria to be considered in determining whether an entity is the functional equivalent of a public agency: "(1) whether the entity performs a governmental function; (2) the level of government funding; (3) the extent of government involvement or regulation; and (4) whether the entity was created by the government." Id.
"A case by case application of the factors noted above is best CT Page 8216-t suited to ensure that the general rule of disclosure underlying this state's FOIA is not undermined by nominal appellations which obscure functional realities." Board of Trustees v. FOIC, supra, 555-56. All relevant factors are to be considered cumulatively, with no single factor being essential or conclusive. Connecticut Humane Society v. FOIC, supra, 761.
The first criterion in the functional equivalency test is whether the entity in question performs a governmental function. The FOIC found that the purpose of the GFCCA is to promote and assist in the providing of recreational, education, social, civic and other constructive activities for the people of the Town of Ledyard, Connecticut, and that the plaintiff did not offer evidence to indicate that the Town is in any way required to perform the functions performed by the GFCCA. The FOIC concluded that the types of social and recreational activities organized by the GFCCA are not activities that are ordinarily provided by the government and, thus, the GFCCA does not perform a governmental function.
The second criterion to be considered is the level of government CT Page 8216-u funding. The FOIC found that the GFCCA holds its activities in a building owned by Gales Ferry Fire District ("GFFD"), a public agency, and that the GFCCA does not pay rent for its use of this building. The FOIC also found that the GFCCA received some funding from the GFFD, but that the remaining funding for the GFCCA derives from private donations and from fees collected from persons who partake in the activities organized by the GFCCA. The FOIC concluded that, although the GFCCA receives some funding from the GFFD and is allowed use of the Community Center building without cost, it is not substantially funded by public sources.
The third criterion to be considered is the extent of government involvement or regulation. The FOIC found that the GFCCA uses the Community Center building owned by the GFFD in accordance with a letter of agreement between the two parties and that the conditions contained in the letter of agreement primarily place limits on the types of activities that can be held at the building and that the GFFD has priority usage of the building. The FOIC found further that the GFCCA has its own Board of Directors, independent of the GFFD's Board, and that the GFCCA's CT Page 8216-v Board of Directors is elected annually by its membership, which membership is available to all residents of the town. The FOIC concluded that, although the GFCCA is "regulated to a degree by the GFFD through its imposition of the conditions set forth in the letter of agreement," the GFCCA is not otherwise subject to governmental involvement or regulation. Finally, criterion which must be considered is whether the entity was created by the government. The FOIC found that the GFCCA is a non-profit corporation incorporated in the State of Connecticut. The FOIC concluded that, although the impetus for the GFCCA's creation was a decision in 1964 by the Community Center Association Committee of the GFFD to organize a "planned activities group" to manage usage of the Community Center, the GFCCA was not created as a committee of the GFFD.
The FOIC concluded, after a review of the cumulative evidence presented to it, that there is insufficient evidence to conclude that the GFCCA is the functional equivalent of a public agency within the meaning of 1-18a(a). Consequently, the FOIC concluded the GFCCA was not required under the FOIA to provide the plaintiff with the information she requested. CT Page 8216-w
The FOIC's factual findings are supported by evidence in the record as cited above. Furthermore, the FOIC's conclusion reasonably and logically follows from the factual findings. Although the evidence presented may indicate a minimal degree of involvement with the GFFD, the record supports the FOIC's decision that a cumulative review of the evidence presented does not indicate that the GFCCA is the functional equivalent of a public agency.
For the reasons stated above, the plaintiff's appeal is dismissed.
Hendel, J.