[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Town of Newtown appeals under General Statutes Section 4-183 from the Final Decision of the defendant Commissioner of Environmental Protection denying its application for a vertical expansion of its existing landfill. The Town's application was made pursuant to General Statutes § 22a-208a and Regulations of Connecticut State Agencies (RCSA) § 22a-209-4. The subject landfill was initially established in 1969.
In his Final Decision, issued under date of June 19, 1992, the Commissioner denied the application on the following two grounds:
1. Failure of the Town to satisfy its burden of proof both (a) that the landfill was not polluting either the Pootatuck River, which is downgradient therefrom, or groundwater on downgradient properties, and (b) that the proposed expansion would not cause pollution or exacerbate such pollution as may already have resulted from landfill operations. This proof was to be based on a comprehensive hydrogeologic study as required by RCSA § 22a-209-4
(b)(2)(A)(v), which such study the Town had not submitted.
2. Failure of the Town to satisfy its burden of proof to demonstrate that the expansion was necessary to meet the State's solid waste disposal needs, as required by General Statutes § 22a-208d(a). Such proof was to take into account consistency with Water Quality Standards adopted under General Statutes § 22a-426.
The Commissioner's ruling is directly contrary to the findings, conclusions and recommendations of the hearing officer to whom the matter was assigned, and to those of pertinent Department of Environmental Protection technical personnel, based upon over two years of public hearings, studies, tests and reports. In his Proposed Final Decision, issued pursuant to General Statutes § 22a-208a et seq. and RCSA § 22a-209-4, Hearing Officer Lewis J. Miller concluded (1) that there was no evidence that the landfill was causing, or if so expanded would cause, pollution to CT Page 5151 adjacent properties or the Pootatuck River; and (2) that the proposal met the solid waste disposal needs of the State and would not result in substantial excess capacity.
The material chronology is summarized in the Proposed Final Decision. On September 14, 1989 the Town filed its application with the Department. As its landfill was then nearing the capacity authorized by its then current permit issued in 1978, the requested expansion was to result in a vertical expansion of approximately 409,000 cubic yards of additional volume and an estimated site life of ten years. The appropriate Department division (WEED) reviewed the application and found it complete.
Hearing Officer Miller held two sets of public hearings on the application. Parties to these proceedings were the Town, the Department and a neighboring landowner who was permitted to intervene. The first such hearing was held on February 14, 1990 in Newtown. There was no opposition to granting the application. As there was no evidence in the record that would indicate that landfill leachate would pollute ground waters beyond the property line, WEED recommended that a properly conditioned permit be issued.
In mid-January 1991, pursuant to General Statutes § 22a-208d(b), the requisite preliminary determination of need was issued (Exhibit 19), providing for the requested 409,000 cubic yards of vertical expansion, but only for five years with a reopening provision for another five years as a permit condition. At this point it appeared that the matter would shortly be concluded favorably to the Town.
On May 2, 1991, however, the Intervenor advised Hearing Officer Miller that it had changed its position and now opposed the application because of alleged impacts to ground and surface water quality and to the Pootatuck River from the landfill's leachate runoff. Accordingly, Miller reopened the record and authorized the Intervenor to conduct various pertinent tests. Thereafter, Miller conducted additional public hearings in Hartford on August 29, September 6, and September 12, 1991. At these hearings, further testimony and reports were received from the parties' experts and from Department technical personnel. CT Page 5152
As the result of these hearings and the extensive evidence therein presented, Hearing Officer Miller found in favor of the Town. He specifically found "that the evidence clearly demonstrates that contaminates from the landfill are not migrating onto surrounding properties." Miller again recommended issuance of the permit in accordance with the specified conditions of the draft permit.
This appeal is governed by the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. The plaintiff Town is a party aggrieved for the purpose of standing to take this appeal. Light Rigging Co. v.Department of Public Utility, 219 Conn. 168 (1991).
The scope of review is limited by Sec. 4-183(j). The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. However, the court may reverse or modify a decision if it finds that the decision is: "(1) In violation of constitutional or statutory provisions . . . (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Ottachian v. Freedom of Information Commission,221 Conn. 393, 397 (1992). However, "[t]he interpretation of statutes presents a question of law . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law." Connecticut HumaneSociety v. Freedom of Information Commission, 218 Conn. 757,761-62 (1991).
The Town essentially argues that the Commissioner's ruling respecting actual or potential offsite pollution is contrary to the evidence and unsupported by the record. In this connection the Town proposes that with respect to his review of the findings of a hearing officer, the CT Page 5153 Commissioner be bound by the same standard of review as is imposed on this Court by General Statutes § 4-183(j)(5), namely the "clearly erroneous" test. The Town cites no authority for this proposition. Moreover, this proposition runs contra to the determinative authority granted to the Commissioner by General Statutes § 22a-208a(a) and pertinent regulations, RCSA § 22a-3a-6(y)(3)(D), Subpart D — Post Hearing Procedures.
The Town's reliance on Preston v. Department ofEnvironmental Protection, 218 Conn. 821 (1991) for the proposition that a hydrogeologic study is not required is misplaced. Preston held that the Commissioner may waive the requirement. In this case he has not done so.
That the ultimate decision making authority rests in the Commissioner, however, does not end the matter. It is axiomatic that the Town was entitled to a fair and impartial hearing. This involves the "opportunity to be heard at a meaningful time and in a meaningful manner."Pet v. Department of Health Services, 207 Conn. 346, 355
(1988). In this regard, "procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause." (Citations omitted.) Pet v.Department of Health Services, 228 Conn. 651, 661 (1994).
Four months intervened between the February 25, 1992 issue date of the Hearing Officer's Proposed Final Decision and the June 19, 1992 issue date of the Commissioner's Final Decision. The record is silent as to what, if anything, occurred during this period resulting in the Commissioner's ruling contrary to the findings and conclusions both of the Hearing Officer and of pertinent Department technical personnel. There is nothing in the record indicating what procedures the Commissioner followed, whom he may have consulted, what additional evidence or reports he may have requested or received, and from whom, or whether he in fact read the entire record.
The Town had no reason to file an exception to the Proposed Final Decision and to request a hearing thereon, as provided in General Statutes § 4-179(a). At that point all indications were that after over two years of hearings, testimony, studies and reports, the Town had satisfied its evidentiary burden. CT Page 5154
The Commissioner's concern on the pollution issue boils down to the lack of an appropriate hydrogeologic study. Such a study apparently would be dispositive. Elemental fairness mandated that the Town be apprised of the Commissioner's concern and be given the opportunity further hearing to address the same. It was incumbent upon the Commissioner either to hold a hearing under General Statutes § 4-179(a) or to remand to the Hearing Officer under RCSA § 22a-3a-6(y)(3)(D), for the taking of further evidence, namely the submission and review of a hydrogeologic study. The Court finds, under the circumstances here presented, that the Commissioner abused his discretion in failing to do so.
The second ground of the Commissioner's ruling, concerning need, stands on a different footing. The Commissioner had already made the determination of need required by General Statutes § 22a-208d(a) when he issued his preliminary determination of need for publication on December 21, 1990 (Exhibit 19). See General Statutes § 22a-208d(b). Accordingly, there was no need for the Town after that date to present further evidence on the subject.
The Commissioner cannot a year and a half later ignore that determination and claim a failure of proof. To do so is clearly erroneous, arbitrary and abuse of discretion. While RCSA § 22a-209-4(d)(2) indicates that in connection with this determination the Commissioner may consider Connecticut Water Quality Standards, it must be presumed that he did so when he issued his preliminary determination of need. Accordingly, the Town has satisfied its burden respecting General Statutes § 22a-208d(a), as set forth in the Proposed Final Decision.
The only issue remaining open, therefore, is that concerning possible offsite pollution. This issue will be resolved by an appropriate comprehensive hydrogeologic study, as requested by the Commissioner. The Town is authorized forthwith to submit the same, and the record shall forthwith be reopened for the purpose of testimony, evidence and review incident to such study. The study shall be conclusive. If it is consistent with the findings and conclusions set forth in the Proposed Final Decision, a permit shall forthwith issue in accordance with the CT Page 5155 Proposed Final Decision.
The appeal is sustained. The matter is remanded for proceedings consistent herewith.
Fineberg, J.