[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 25, 1997
These cases relate to complaints by Ms. Shirley Vigneri (Vigneri) to the Freedom of Information Commission (FOIC) concerning the Department of Public Safety (DPS) response to Vigneri's requests for records relating to DPS's revocation of her permit to carry a handgun and a related arrest. Vigneri's complaints allege the imposition of illegal preconditions to her access to records; failure to promptly provide access; provision of illegible copies; and failure to provide copies of audio tape recordings.
The dispute began on January 19, 1996 when Vigneri appeared at the DPS Division of State Police Headquarters to surrender her pistol permit. Vigneri requested of Detective Bochicchio that she be allowed to inspect all documents in her permit revocation file. Vigneri was referred to another office and an inspection fee was requested; but after approximately forty-five minutes she was allowed to inspect the permit revocation file. Vigneri did not request copies of such records at that time.
Vigneri returned to state police headquarters with a written request for "copies of all documents, records, warrants, orders and similar instruments including, but not limited to papers and tape recordings relating to Shirley Vigneri's case number K95-103887." The numerical reference was to the criminal CT Page 3230 investigation report relating to Vigneri's arrest on July 9, 1995 for criminal trespass. The Plaintiff was required to wait ninety minutes and pay an $8.00 fee (General Statutes § 29-10b); Vigneri was provided fourteen pages which were illegible in part (these pages related to the arrest report). Vigneri did not complain of the illegible copies to the state police on the date they were received.
Vigneri in a letter of January 28, 1996, requested from the State Police "a copy of all tape recorded telephone conversations relating to case Number K95-103887, pertaining to Shirley Vigneri." On January 30, 1996, Vigneri by letter further requested "a copy of the video tape recorded on July 9, 1995 relating to case number K95-103887 and also tape recorded telephone conversations related to Shirley Vigneri and case number: K95-103887" (R #7). The DPS through its legal advisor Gerald Gore, Esq. (Gore) advised Ms. Vigneri that the video and audio tapes requested are not available as the tapes are only kept for two months. In her February 10, 1996 complaint to FOIC Vigneri claims that tapes from the most recent two month period should be available.
The DPS in response to Vigneri's request of January 28, 1996 for copies of the reports she inspected on January 19, 1996 required her to provide written assurance "that this information is not for use in pending litigation to which the state is a party."
At the time the FOIC heard the complaint, Gore was no longer employed by DPS. Nevertheless, the FOIC decision fines him and requires his attendance at a FOIC workshop.
The FOIC held a hearing on the Vigneri complaints on June 12, 1996. The FOIC hearing officer issued two reports on such complaints on September 18, 1996. The hearing officer recommendations were adapted as the FOIC final decision by a vote of the commission on October 16, 1996. The decisions were issued on October 23, 1996 and these appeals were filed on November 13, 1996. The answer and record were filed on January 23, 1997. Briefs were filed by DPS on February 25 and by FOIC on May 1, 1997. The parties were heard at oral argument on July 9, 1997. The parties filed supplemental briefs on May 16 and August 11, 1997.
The FOIC decisions in one case (FIC #1996-047 Superior Court CT Page 3231 Docket No. CV96 0565901) deals with the tape requests. In that case the FOIC found that the DPS had "failed to prove that either the tapes are unavailable or that they are "exempt from disclosure" with respect to tapes made within sixty days of the request. DPS was ordered to either "provide the complainant [Vigneri] with copies of any existing tapes or an affidavit attesting to the fact that a diligent search was conducted and no tapes exist."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." In order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of this alleged procedural deficiency." Jutkowitz v. Departmentof Health Services, 220 Conn. 86, 94 (1991).
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission on Hospitals Health Care, 182 Conn. 314, 318 (1980).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c.54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] CT Page 3232 has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotation marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
Nevertheless, where "the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v.Administrator, Unemployment Compensation Act, 209 Conn. 381, 385
(1988).
The FOIC decision on the "tape" requests is clearly erroneous factually and legally.
The requesting party referenced in her January 1996 requests an incident date of July 5, 1995. The tapes had been recycled every sixty days, and thus did not exist at the time of the request. Nothing in the request or its references to a case file suggested the existence of a tape on any other date or certainly not within sixty days of the request. The record revealed that the state police maintained twelve barracks with incoming telephone lines recorded twenty-four hours a day seven days a week. (R.T 16-23.)
 Although our Freedom of Information Act does not derive from any model act or the federal Freedom of Information Act, other similar acts because they are in pari materia, are interpretively helpful, especially in understanding the necessary accommodation of the competing interests involved.
Wilson v. Freedom of Information Commission, 181 Conn. 324, 333
(1980).
"As the Supreme Court did in Wilson we now compare the federal Freedom of Information Act 5 U.S.C. § 552 (g), with the state act, General Statutes § 1-19(b)(2). We note that the disclosure requirements are almost identical . . ." Board ofPardons v. FOIC, 19 Conn. App. 539, 544 (1989). Also see CT Page 3233Connecticut Humane Society v. FOIC, 218 Conn. 757, 761 (1991).
Federal courts in applying the federal FOIA have recognized that "An agency need not honor a request that requires `an unreasonably burdensome search.' AFGE, Local 2782 U.S. Dept ofCommerce, 907 F.2d 203, 209 (D.C. Cir. 1991). "Request for all documents containing a requestor's name are not reasonably specific as required by the FOIA, 5 U.S.C. § 552(a)(3)."Keese v. U.S., 632 F. Sup. 85, 91 (S.D. Tex. 1985).
 It is the requestor's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, and to enable the searching agency to determine precisely what records are being requested . . . The rationale for this rule is that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requestors . . . Assassination Archives and Research Center v. C.I.A., 720 F. Sup. 217, 219
(N.D.C . 1989).
The Vigneri tape request as to tapes within sixty days of the request was void of any information which would have enabled the DPS to narrow its search.
The appeal is sustained as to the tape request Docket No. CV96-0565901. The FOIC is to vacate its orders in decision FIC #1996-047 and dismiss the underlying Vigneri request.
The other decision (FIC # 1996-048 Superior Court Docket No. CV96-0565902) relates to the documentary requests. It finds that Bochicchio violated § 1-19(a) by failing to promptly provide Vigneri with access to permit records on January 19, 1996. Mr. Gore was found to have violated § 1-19(a) by failing to promptly provide Vigneri with copies of her permit records on her second visit to DPS on January 26, 1996. Further, Gore was found to have violated §§ 1-15(a) and 1-19(a) by failing to provide complainant with legible copies of the permit records. Also, the violations of §§ 1-15(a) and 1-19(a) were found to be without reasonable grounds.
The limited scope of the court's review, especially as to the substantial evidence rule, requires that the court accept the agency findings as to a lack of promptness and illegibility constituting violations of § 1-19a and § 1-15a. CT Page 3234
The conclusions that these violations were without reasonable grounds, however, is not reasonable or logical.
Vigneri arrived at State Police headquarter's without an appointment to surrender her handgun permit. She requested to review her permit revocation file and after a delay of forty-five minutes, the file was produced for her review.
Vigneri reappeared at State Police headquarters on January 26, 1996, with a written request referencing a case number for her criminal trespass arrest. Copies of such records were provided Vigneri on January 26, 1996, after her payment of an $8 fee under § 29-10b; the copy of the arrest report requested were provided.
 The FOIC decision includes the following finding: It is found that during the complainant's first visit to DPS respondent Bochicchio initially denied the complainant's request, then more than an hour later he allowed her to inspect the permit records.
The complainant's evidence does not contain any claim that her request was denied. Vigneri testified (R.T. p. 25) "My request to inspect did not require research and the file is readily available and was in Detective Bochicchio's personal possession. Approximately forty-five minutes later, the file was produced for inspection . . ."
Ms. Vigneri's supporting witness testified (R.T. pp. 29-30) without mentioning any refusal. He described the delay as "Approximately forty to forty-five minutes later, [Bochicchio] came down with a file in his hand and stated that he had just spoken to the attorney and that Mrs. Vigneri could review, inspect the file."
There is not substantial evidence for the finding of a denial of Vigneri's FOI request of January 19, 1996. Similarly, there is not substantial evidence supporting the finding that the delay was over one hour.
The record contains reference to a pending criminal prosecution against Vigneri; which even as of the date of the hearing, may have been pending. (R.T. p. 40.) The documents requested included police reports which required redaction. CT Page 3235 (R.T. p. 38.)
The record establishes confusion as to the documents being sought. The state police had files relating to a handgun permit revocation and also an arrest of Vigneri. The request referenced the arrest report which was distinct from the permit revocation file. Vigneri received copies on the date requested (January 26, 1996) of the police report #K95-103887. When she requested the additional documents on January 28, 1996, she was advised that the material was available on January 31, 1996. The copying charge requested was the statutorily permissible fee. The assurance that the "information is not for use in pending litigation to which the state is a party" is not an unreasonable ground or condition under the circumstances.
General Statutes § 1-21i(2) conditions the imposition of a civil penalty by the FOIC on a finding that the denial of a right was "without reasonable grounds."
There is no controlling authority applying the civil penalty provision of § 1-21 i. It appears to be analogous, however, to the standard for award of reasonable fees and expenses to prevailing parties under § 4-184a[1] of the Uniform Administrative Procedures Act. Section 4-184a allows for the court award of fees and expenses where an agency administrative action "was undertaken without any substantial justification." Section 1-21i(2) allows for civil penalties to be imposed against agencies which violate the FOIA "without reasonable grounds."
In Bursinkas v. Dept. of Social Services, 240 Conn. 141, 155
(1997), the Supreme Court found that "without any substantive justification test had its roots in a reasonableness standard." The court noted that a subsequently enacted statute §38a-14(k)(5) allowing awards of attorney's fees defined "substantially justified" as having "a reasonable basis in law or fact." Also see Pierce v. Underwood, 487 U.S. 552, 565,108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), where "substantially justified" under 28 U.S.C. § 2412 (d)(1)(A) meant "justified to a degree that could satisfy a reasonable person."
In Bursinkas, the Court concluded at 240 Conn. 156: "We are persuaded by these sources that the phrase `substantial justification' as it is used in § 4-184a(b) connotes reasonableness or a reasonable basis in law or fact . . . CT Page 3236 Accordingly, we construe the phrase `without any substantial justification' to mean entirely unreasonable or without any reasonable basis in law or fact." The decision goes on to find this a "demanding standard."
Similarly, the "without reasonable grounds" standard of §1-21i(2) is a "demanding standard." It strikes a balance between vindicating violations of the FOIA and ensuring that not all agency actions contrary to FOIA lead to civil penalties.
In the instant case the records were those of a law enforcement agency and reasonably pertained to pending litigation. Thus, two exemptions to the disclosure of public records were implicated. (See 1-19b(3) and 1-19b(4).) A forty-five minute delay to locate the records and their status before they are being made available is not a delay "without reasonable grounds." The claim as to legibility was not raised with the respondents directly. The fee and prepayment of such fees for copies is authorized by statute.[2] The certification that the information was not being used for pending litigation to which the state was a party, removed a question of the § 1-19b(4) exemption. The $8 inspection fee is specifically authorized by § 29-10.
The court defers to the agency in its finding of violation of the FOIA. However, the record does not support the conclusion that such violations were without reasonable grounds. The FOIC if it wishes to impose civil penalties, must review the agency's grounds for its actions. Unquestionably, § 1-21i(2) imposes a demanding standard which far surpasses the finding of a FOIA violation.
The appeal in Docket No. CV96-0565901 is sustained. The FOIC is ordered to vacate its order and dismiss the underlying complaint.
The appeal in Docket No. CV96-0565902 is sustained as to the imposition of civil penalties. The case is remanded to the FOIC, which is ordered to vacate the portion of its order which imposes any civil penalty, including fines and attendance at any FOIC workshops.
McWEENY, J.