[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal brought pursuant to General Statutes §§ 1-206 (d) [formerly § 1-21i(d)] and 4-183 from a decision of the Freedom of Information Commission ("FOIC") directing the plaintiff, Jerome Baron, director of finance, city of Bridgeport, to disclose documents relating to worker's compensation claims. The issue raised in this appeal is whether the FOIC acted illegally in ordering the disclosure of documents in the possession of a third party.
The underlying facts, which are not in dispute, are as follows. On July 19, 1996, Carl J. Liano of Shelton, Connecticut CT Page 14212 requested copies of public documents from the plaintiff, who was identified as the comptroller of the city of Bridgeport ("Bridgeport"). In his letter of July 19, 1996, Liano requested the following documents: (1) a copy of Bridgeport's self insurance certificate; (2) a copy of a contract with the law firm of Pomeranz, Drayton Stabnick; and (3) a copy of payments made to the law firm of Pomeranz, Drayton Stabnick regarding Liano's various worker's compensation claims as well as his medical costs. (Return of Record ("ROR"), Item 5, pp. 16-18.) The first item, the self insurance certificate, was provided to Liano. The second item, the contract between Bridgeport and the Pomeranz law firm, was responded to when Liano was informed that there was no written contract. The third item requested by Liano, the record of payments to the Pomeranz law firm as well as Liano's medical costs, is the main subject of this appeal.
The case before the FOIC began with a complaint by Liano on August 6, 1996, alleging that the plaintiff had failed to respond to or comply with his request for records pertaining to the operation of Bridgeport's worker's compensation claims system. In his complaint to the FOIC, Liano alleged that he had not been provided with the records requested in his letter dated July 19, 1996. The FOIC issued a notice of hearing and order to show cause on February 3, 1997. A hearing on Liano's complaint was held before the FOIC. The date on the transcript of that hearing is November 7, 1996.[1]
On August 2, 1996, the plaintiff had written to Liano acknowledging receipt of his July 19, 1996 letter on July 23, 1996 and informing him that the requested information would require extensive research and a reasonable amount of time in order to comply. (ROR, Item 7, p. 20.) By late August, 1996, Liano had received from Bridgeport the first two requested items including Bridgeport's billings from the Pomeranz law firm, which represented Bridgeport in its worker's compensation cases. By letter dated December 4, 1996, Bridgeport provided Liano with updated records of payments to the Pomeranz law firm as well as the records of Liano's medical costs. (ROR, Item 9, p. 34.) Specifically, the letter by Bridgeport provided:
 You requested a copy of payments made to the law firm of Pomeranz, Drayton and Stabnick regarding your various claims, as well as your medical costs. This information was collected and furnished by Alexsis, an independent contractor that manages the City's worker's compensation claims. The information consists CT Page 14213 of 91 pages of documents. You may inspect those documents at The Comptroller's Office, Room 104, City Hall, 45 Lyon Terrace, Bridgeport, CT 06604. . . .
(ROR, Item 9.)
The documents not provided in August, 1996 were not in the possession of the plaintiff nor in the possession of any other person or department of the city of Bridgeport. Bridgeport had entered into a contract with an independent contractor, Mastercare of Connecticut, Inc., Managed Care Plan, to be a third party administrator of Bridgeport's worker's compensation claims. As of July 30, 1996, that contract was transferred to another company, Alexsis.
In its final decision, dated March 26, 1997, the commission found that the plaintiff had violated General Statutes §§ 1-19
(a) and 1-15 (a) [now §§ 1-210 (a) and 1-212 (a), respectively] by failing "to provide prompt access to records in their possession that were responsive to the complainant's request" and by failing "to keep and maintain the records . . . in [their] custody at their regular offices or place of business in an accessible place." (ROR, Item 22, p. 196, ¶¶ 8, 9.)
The commission ordered the plaintiff to henceforth strictly comply with the promptness provisions of General Statutes §§1-19 (a) and 1-15 (a) [now §§ 1-210 (a) and 1-212 (a),
respectively] and concluded by stating: "The Commission is deeply concerned that the respondents have violated the requirement of § 1-19 (a), G.S., with respect to failing to keep their public records in their custody and their offices or place of business in an accessible place. The Commission urges the respondents to review their failure to address this statutory requirement and to take the necessary steps to assure compliance as soon as possible." (ROR, Item 22, p. 197, ¶ 2.)
The plaintiff timely filed this administrative appeal to the Superior Court from the Commission's findings of statutory violations and from the commission's orders.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183 (j)[2]
CT Page 14214 and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v.FOIC, 212 Conn. 100, 104 (1989); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises, Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12 (1978). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion . . ." (Citations omitted.) Dolgner v.Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom of InformationCommission, 218 Conn. 757, 761-62 (1991); Domestic ViolenceServices of Greater New Haven, Inc. v. Freedom of InformationCommission, 47 Conn. App. 466, 470-71 (1998).
Here, the plaintiff contends that the Freedom of Information Act ("FOIA") does not require a public agency to create documents but merely to keep and maintain all public records. General Statutes § 1-19 (a) [now § 1-210 (a)] provides, in pertinent part, as follows: "all records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records. . . ." General Statutes § 1-18a(d) [now §1-200 (5)] defines "public records or files" as "any recorded data or information relating to the conduct of the public's business prepared, owned, used, received or retained by a public agency. . . ." In response, the FOIC contends that Bridgeport did have an obligation to keep and maintain these records and could not avoid that responsibility and convert the records into private records "by the simple expedient of hiring an independent contractor to conduct what is undisputedly public business." (Memorandum of Law of the Defendant Freedom of Information Commission, p. 13.) No authority was provided to support the FOIC's contention in that regard.
It is true, as the FOIC notes, that there is no dispute that Bridgeport did not maintain the requested records at its office CT Page 14215 or place of business in an accessible place. Nonetheless, it does not follow, as the FOIC maintains, that the FOIC correctly concluded that the plaintiff had violated § 1-19 (a) [now § 1-210 (a)]. (Memorandum of Law of Defendant Freedom of Information Commission, p. 13.)
The undisputed evidence before the FOIC was that the records of payments to the Pomeranz law firm as well as the records of all other payments for medical and legal services relating to Liano's disability claims were kept by the third party contractor, Alexsis. Alexsis was not a party to the underlying complaint made by Liano to the FOIC. Alexsis is a private entity which entered into a contract with Bridgeport to provide services to and/or for Bridgeport. Our Supreme Court has adopted the four prong "functional equivalent" test of the federal courts to determine whether an entity is a public agency. See DomesticViolence Services of Greater New Haven, Inc. v. Freedom ofInformation Commission, supra, 47 Conn. App. 473. That test was not applied and no findings were made pursuant thereto by the FOIC in the present case, presumably because Alexsis was not a party. Nonetheless, it does not follow that Bridgeport was obligated to provide records requested under FOIA to Liano which were made and kept by Alexsis. Here, the plaintiff requested records from Alexsis and made them available to Liano, having no obligation to do so. As a result, the plaintiff was subjected to an adverse decision and order by the FOIC.
This court finds that the FOIC incorrectly interpreted the provisions of General Statutes §§ 1-15 (a) and 1-19 (a) [now §§ 1-212 (a) and 1-210 (a), respectively]. General Statutes § 1-19 (a) does not require the plaintiff to keep and maintain the requested records concerning law firm payments and payments for medical and legal services relating to the defendant Liano's claims pursuant to disability legislation.
The FOIC also found that the plaintiff had failed to provide prompt access to records that were responsive to the complainant's request concerning a copy of the application and certificate of self insurance issued to Bridgeport. The uncontroverted evidence before the hearing officer was that Liano's request, pursuant to FOIA dated July 19, 1996, was received July 23, 1996. The plaintiff, by letter dated August 2, 1996, informed Liano that the research to accommodate the request would require a reasonable amount of time. (ROR, Item 7, p. 20.) Thereafter, on or about August 19 or 20, 1996, a Bridgeport CT Page 14216 employee found, copied and gave to Liano copies of Bridgeport's self insurance application, certificate and related documents. (ROR, Item 11.) Indeed, the FOIC found the foregoing in its final decision. (ROR, Final Decision dated March 26, 1997, p. 196, ¶ 4.) Thus, there is no substantial evidence in the record to support the FOIC conclusion that the plaintiff failed to provide prompt access to these records.
Based on the foregoing, this court concludes that the FOIC decision is unsupported by substantial evidence in the record and that the legal conclusions were incorrect. Accordingly, the decision of the FOIC is reversed and the plaintiff's administrative appeal therefrom is sustained.
Michael Hartmere, Judge