VICKIE BILLINGS *v.* COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES ET AL.
(6845)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued March 7—decision released April 25, 1989

*Donald R. Beebe,* for the appellant (plaintiff).

*Charles Krick,* for the appellee (defendant commission on human rights and opportunities).

*George N. Nichols,* for the appellee (defendant Stone and Webster Engineering Corporation).

STOUGHTON, J. This is an appeal by the plaintiff from the judgment of the trial court dismissing her appeal from the decision of the commission on human rights and opportunities which had dismissed her complaint of alleged sex discrimination.

The plaintiff filed a complaint with the commission on June 18, 1984, alleging that, in discharging her, her former employer, Stone and Webster Engineering Corporation, had discriminated against her on the basis of her sex, in violation of General Statutes § 46a-60 (a) (1). The commission assigned an investigator who investigated the complaint. The investigator made a report of his findings and recommended that the complaint be dismissed for lack of evidence. On June 13, 1985, the recommendation was accepted. The plaintiff applied for reconsideration and her request was granted because some of the findings of fact made by the investigator were in error and because some of her claims regarding her work record had not been investigated. The commission assigned a new investigator who conducted a new investigation, made findings of fact and recommended dismissal of the complaint for lack of sufficient evidence.

The following findings were among those made by the second investigator. In one eight week period, the plaintiff failed to complete one full work week. On March 2, 1984, the plaintiff and eleven other electricians were laid off. The plaintiff was the only female in that group, which was considered expendable because of low productivity based primarily on attendance. The reduction in force was part of a series of lay-offs. Both the employer and the union identified expendable employees, and employees who were laid off appeared on both lists. The plaintiff's name appeared on both lists. Her attendance pattern was identified as particularly destructive because of the extreme number of late arrivals and early quits, which disrupted management's ability to assign work. The plaintiff was considered a marginal worker. Three of the male employees laid off had fewer absences than the plaintiff. The other seven members of the plaintiff's work crew each had better attendance records than that of the plaintiff, and

they were not laid off. The investigator concluded that there was no evidence to support the plaintiff's allegation that she was unfairly singled out for lay-off because of her gender, and that the employer's criteria for reduction in force was general productivity as measured in large part by attendance. The plaintiff's prior disciplinary and attendance record was comparable to that of males who were also laid off for low productivity.

The commission accepted the recommendation of the second investigator and, on December 26, 1986, the plaintiff was informed by the commission that her complaint was dismissed for lack of sufficient evidence. This appeal followed.

Much of the plaintiff's argument is centered upon the shortcomings of the first investigation. These were corrected when her request for reconsideration was granted and a new investigation by a different investigator was undertaken. While the second investigator used parts of the first investigation, the second investigation was independent, thorough and complete. The plaintiff appealed to the trial court from the decision by the commission dismissing her appeal after reconsideration.

The plaintiff claims that the trial court erred in not concluding that the manner in which the commission acted on reconsideration of her complaint was arbitrary, capricious and in abuse of its discretion, that the complaint was not investigated competently, and that the trial court erred in refusing to allow her to present evidence, as permitted by General Statutes § 4-183 (f).

In an appeal from the decision of the commission, the Superior Court may not try the case de novo, adjudicate facts or substitute its own discretion for that of the tribunal. *Board of Education* v. *Commission on Human Rights & Opportunities,* 176 Conn. 533, 538–39, 409 A.2d 1013 (1979). We agree with the trial

court that the investigation was thorough and complete and that the conclusions reached by the investigator were supported by the evidence. The ultimate duty of the trial court was to decide whether, in light of the evidence, the agency had acted unreasonably, arbitrarily, illegally or in abuse of its discretion. *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 479, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). We review the decision of the trial court only to determine whether it was rendered in accordance with the Uniform Administrative Procedure Act. Id.

General Statutes § 4-183 (f) provides that an appeal shall be confined to the record but also provides that in cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in court.

The plaintiff offered to testify that the first investigator had told her that he was going to find that there was reasonable cause for her complaint to continue, and that she had been told later that her supervisors had told him not to find in her favor. The court ruled that no such claim had been raised in the pleadings and denied the plaintiff's motion to introduce evidence, noting at the same time that there had been another investigation. The trial court found that the second investigation was thorough and complete.

The opportunity to present evidence in addition to that contained in the record is reserved for extraordinary cases. *Ierardi* v. *Commission on Human Rights & Opportunities,* 15 Conn. App. 569, 585, 546 A.2d 870 (1988). On the record before us, we cannot find that the trial court abused its discretion in denying the plaintiff's motion to introduce additional evidence.

There is no error.

In this opinion the other judges concurred.