HERBERT C. HALLAS ET AL. *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(7161)

DUPONT, C. J., DALY and JACOBSON, Js.

Argued March 2—decision released May 2, 1989

*Mary Katz Moule,* pro se, with whom, on the brief, was *Herbert C. Hallas,* pro se, the appellants (plaintiffs).

*Constance L. Chambers,* for the appellee (named defendant).

*Timothy S. Fisher,* with whom, on the brief, was *Lori R. Wilson,* for the appellee (defendant Robinson & Cole).

DALY, J. The plaintiffs, Herbert C. Hallas and Mary Katz Moule, appeal from the judgment of the trial court dismissing their appeal from a final ruling of the defendant freedom of information commission (FOIC). The sole question for our review is whether the trial court erred in concluding that the FOIC acted legally in determining that the defendant Robinson and Cole, in its capacity as bond counsel for the town of Windsor, is not a "public agency" within the meaning of General Statutes § 1-18a (a).[1] We find no error.

The trial court found the following facts. The plaintiffs maintain law offices in the town of Simsbury. The defendant Robinson and Cole is a law firm located in the city of Hartford, and has served as bond counsel for the town of Windsor since 1967. The plaintiffs, by way of a letter dated February 12, 1985, requested Robinson and Cole to make available for their inspection specific public records relating to bonds and notes issued by the town of Windsor from 1966 to 1983 and kept on file with the firm. Robinson and Cole refused to comply with the plaintiffs' request on the grounds that, (1) certain documents were protected from disclosure because of the attorney-client privilege, (2) the firm was not the proper place to make their request, and (3) the documents were not public records. The plaintiffs appealed to the FOIC.

The plaintiffs maintained that Robinson and Cole, in its capacity as bond counsel, was a "public agency"

---

[1] General Statutes § 1-18a (a) provides: " 'Public agency' or 'agency' means any executive, administrative or legislative office of the state or any political subdivision of the state and any state or town agency, any department, institution, bureau, board, commission, authority or official of the state or of any city, town, borough, municipal corporation, school district, regional district or other district or other political subdivision of the state, including any committee of any such office, subdivision, agency, department, institution, bureau, board, commission, authority or official; and also includes any judicial office, official or body or committee thereof but only in respect to its or their administrative functions."

created by government under General Statutes § 7-373.[2] On May 17, 1985, a hearing was held before the FOIC hearing officer on the stipulated issue of whether Robinson and Cole, acting in the capacity of bond counsel for the town of Windsor, was a public agency and therefore subject to the jurisdiction of the FOIC. On July 25, 1985, the hearing officer issued findings of fact and recommended that the complaint be dismissed because the law firm was not a public agency within the meaning of General Statutes § 1-18a (a). Both parties argued the matter before the FOIC on October 23, 1985, and the FOIC ultimately accepted the report of the hearing officer and dismissed the complaint. The plaintiffs then appealed to the Superior Court pursuant to General Statutes § 4-183. The trial court determined that Robinson and Cole was not a public agency or the functional equivalent thereof as determined by the criteria set forth in *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 436 A.2d 266 (1980), and sustained the action of the FOIC. This appeal ensued.

General Statutes § 4-183 (g) sets forth the scope of judicial review of the FOIC's decision. Our review of the trial court's decision sustaining the action of the

[2] "[General Statutes] Sec. 7-373. BANKS TO CERTIFY MUNICIPAL BONDS. DISBURSING AGENT. Each town, city, borough, school district, fire district and sewer district and each other municipal corporation and association having a population of less than ninety thousand inhabitants as determined by the federal census last taken, which issues bonds pursuant to its general or special powers, shall, for each such issue, designate a bank or trust company incorporated under the laws of this or any other state, or of the United States, to certify such issue and shall also designate a bank or trust company incorporated under the laws of this or any other state, or of the United States, to act as disbursing agent in the payment of principal and interest on such bonds. Such certification shall be endorsed upon each bond and shall identify such bond as being one of the particular issue described in such bond, shall certify the genuineness of the signatures and seal thereto affixed, shall state the name of the attorney at law who has rendered an opinion approving the legality of such particular issue and shall be signed by an authorized officer or official of such bank or trust company."

commission is limited to a determination of whether "the agency acted illegally, arbitrarily or in abuse of its discretion and whether its decision was supported by the evidence." *Board of Trustees* v. *Freedom of Information Commission,* supra, 548–49; see also *Billings* v. *Commission on Human Rights & Opportunities,* 18 Conn. App. 241, 243–44, 557 A.2d 147 (1989).

The Freedom of Information Act (FOIA); General Statutes §§ 1-7 through 1-21k; provides for disclosure to the public of the public records of public agencies. General Statutes § 1-19 (a). General Statutes § 1-18a (a) defines "public agency" as, inter alia, any official of any town.

In *Board of Trustees* v. *Freedom of Information Commission,* supra, our Supreme Court addressed the question whether Woodstock Academy, a school established by special corporate charter for the purpose of providing educational services for the children of the town of Woodstock and its vicinity, was a public agency within the meaning of § 1-18a (a). In holding that the institution was a "functional equivalent" of a public agency for the purpose of disclosure, the court adopted the test employed by the federal courts for making such a determination. The "functional equivalent" test is comprised of four criteria: (1) whether the entity performs a governmental function; (2) the level of govermental funding; (3) the extent of governmental involvement or regulation; and (4) whether the entity was created by the government. *Board of Trustees* v. *Freedom of Information Commission,* supra, 554. The court concluded that Woodstock Academy met all four criteria and thus, was the functional equivalent of a public agency for the purposes of FOIA disclosure.

"A case by case application of the factors . . . is best suited to ensure that the general rule of disclosure underlying this state's FOIA is not undermined

by nominal appellations which obscure functional realities." Id., 555–56. Accordingly, we turn to an application of the functional equivalence test to the facts of this case in order to determine whether the criteria have been met. Unless all four factors are present, the agency does not meet the test and cannot be considered a public agency. Compare *Public Citizen Health Research Group* v. *Department of Health, Education, & Welfare,* 449 F. Sup. 937, 941 (D.D.C. 1978) (professional standards review organization meets the functional equivalence test because it is financed by the United States, is a creature of statute, performs an executive, i.e., decision making function and operates under direct, pervasive, continuous regulatory control) with *Forsham* v. *Harris,* 445 U.S. 169, 170–80, 100 S. Ct. 978, 63 L. Ed. 2d 293 (1980) (federal funding without substantial degree of federal supervision insufficient to make federal grantee fall within federal FOIA).

We first examine the extent of government regulation of bond counsel. The plaintiffs and the defendant Robinson and Cole agree that the law firm is regulated both by the rules of practice for attorneys in this state; General Statutes § 51-80 through § 51-94; and the federal fraud and disclosure provisions for the sale of securities under § 17 of the Securities Act of 1933. 15 U.S.C. § 77q. The plaintiffs argue, however, that these statutory provisions constitute the high level of government regulation necessary to meet the third facet of the functional equivalence test. We agree with the trial court that the regulation prong of the test does not pertain to the general regulation of a profession but rather applies to specific government regulation of the function of the agency. General Statutes § 7-373 is the only section in chapter 109 that mentions bond counsel. That statute requires, inter alia, that any town issuing bonds designate a bank or trust company to certify the issue.

In addition, the certification must state the name of the attorney who rendered the opinion approving the legality of the issue.

The function of bond counsel is to provide an expert and objective legal opinion with respect to the validity of bonds to be used by prospective investors. See "The Function and Professional Responsibilities of Bond Counsel," 16 Urban Lawyer 3, 489, 491 (1984). We conclude that § 7-373 does not regulate the function of bond counsel. The mere mention of bond counsel in the statute does not rise to the level of government regulation found to satisfy the third facet of the test in either *Board of Trustees* v. *Freedom of Information Commission,* supra, or *Public Citizen Health Research Group* v. *Department of Health, Education, & Welfare,* supra. Because bond counsel do not operate under direct, pervasive or continuous regulatory control, they do not constitute the functional equivalent of a public agency.[3] Thus, we conclude that the FOIC decision that Robinson and Cole, in its capacity as bond counsel for the town of Windsor, was not a public agency is amply supported by the evidence.

There is no error.

In this opinion the other judges concurred.

---

[3] In view of our finding with respect to the regulation prong of the test, it is unnecessary to consider the remaining criteria.