[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the City of Waterbury Civil Service Commission (City) from an order, after hearing, of the Commission on Human Rights Opportunities (CHRO) respecting the hiring of Andrew Abney (Abney) as a City Police Officer.
The hearing officer found that Abney had total cholesterol levels in excess of 240 ml. per deciliter of blood and on that sole basis, he was excluded from consideration for such appointment. Because Abney had passed his background check and CT Page 1244 was listed high enough in the eligibility list to have been hired, CHRO ordered that he be hired when an opening was available upon successfully passing an updated background check. All parties agree that no provision for an updated medical examination or individual evaluation for risk of coronary heart disease was made in the CHRO order. The City appealed the CHRO order and the court has heard the parties.
In an appeal from a decision of the CHRO, the court may not try the case de novo, adjudicate facts or substitute its own discretion for that of the Commission. Billings v. Commission on Human Rights and Opportunities, 18 Conn. App. 241, 243
(1989). The ultimate duty of the trial court is to decide whether, in light of the evidence, the agency acted unreasonably, arbitrarily or in abuse of its discretion. Id. at 244. The court is limited to determining whether the CHRO's findings were supported by substantial and competent evidence and whether the Commission exceeded its authority. Board of Education v. Commission on Human Rights and Opportunities,176 Conn. 533, 538 (1979)
Since Abney was treated as disabled with respect to appointment as a police officer, the hearing officer found he was disabled under 46a-60 (a)(1) of the General Statutes. Holding Abney had established he was otherwise qualified to be a police officer, the hearing officer required the City to prove that it had a non-discriminatory reason for the refusal to hire Abney. Connecticut law excepts cases of a bona fide occupational qualification or need from such a requirement. Connecticut General Statutes 46a-60 (a)(1). This exception the hearing officer found was not established by the City. The hearing officer found further that high total and levels of cholesterol did not pose a safety risk in the case of police officers. This latter conclusion the hearing officer based upon the testimony of two medical doctors who testified at the hearing. However, both doctors did testify that there is an independent and direct relationship between such high cholesterol findings and the increased risk of coronary heart disease. Coronary heart disease, in the opinion of the only doctor, Silverman, who testified concerning it, may occur without warning until a catastrophe strikes. Dr. Silverman also testified that in a case of such readings as Abney's, he would follow his case, after individual evaluation revealed no additional risk factors for coronary heart disease, by placing him on a low fat diet and doing yearly testing because his CT Page 1245 readings were high. Thus, there was no substantial basis of fact from which the hearing officer could conclude that high total levels of cholesterol did not relate to an increased risk of coronary artery disease and did not pose a safety risk. Miko v. Commission on Human Rights and Opportunities, 220 Conn. 192,201.
Since the City did not "look at other risk factors", it raised doubts in the hearing officer's mind about the reasonableness of the screening policy. The fact that the City did not follow its health director's recommendation that Abney be further evaluated by a physician after such a reading also mitigated against the City's screening procedures according to the hearing officer.
In these circumstances, the hearing officer held the City failed to show a bona fide occupational qualification or need and that the screening process in its present form was discriminatory against Abney. Based on these findings, CHRO entered the orders described above respecting Abney's hiring. CHRO further ordered the City to cease its current screening procedure, which excludes candidates without a physician's further evaluation, on the sole basis of a high total blood cholesterol level.[1]
The court holds that the City has a legitimate concern that its police officers be in excellent physical condition. See Massachusetts Board of Relivement v. Murgia, 96 S.Ct. 256
(1976). The rigors and dangers of law enforcement duties in our cities needs no elaboration. The public safety and safety of the police themselves would allow the City to take reasonable steps to ensure that a sudden catastrophe due to coronary heart disease does not occur to a police officer in the face of danger and emergency. The blanket rejection of all candidates solely on grounds of a high total cholesterol level, however, was not reasonable on the record before CHRO.
CHRO ordered Abney hired without a further physical evaluation. Such an order is unreasonable, not based upon the medical testimony, and itself endangers the public by bypassing a procedure which itself violates no law. See Sledge v. L.P. Stevens Co., 585 F.2d 625, 651-52. The City has a right to refuse to hire an individual who lacks a bona fide occupational qualification or need because of physical disability. Connecticut General Statutes 46a-60 (a)(1). The City has a CT Page 1246 right to ensure that those it would hire to be police officers possess sufficient good health to perform police duties and take reasonable steps to do so. If a particular agency action is required by law, the court may render a judgment that modifies the agency decision. Connecticut General Statutes 4-183 (k). Since the City is entitled to the assurance that its officers are sufficiently healthy to perform rigorous police duties, the court modifies the CHRO order to require that Abney be hired, if he, in addition to the updated background check, passes an updated medical examination which includes an individual evaluation of risk of coronary heart disease if there is high total cholesterol level.
McDONALD, J.