[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal by the pro se plaintiff, from a decision of the Commission on Human Rights and Opportunities (CHRO). It has been brought in accordance with Conn. Gen. Stat. § 46a-83a. The plaintiff has filed a complaint against the Town of North Haven Police Department claiming that they failed to process a domestic violence arrest complaint he wished to file against his ex-wife on the basis of his sex, male. The CHRO dismissed the discrimination complaint because it was not supported by substantial evidence. A hearing, in which all interested parties were in attendance was held by this court on September 9, 1996. Based upon a request by the court, supplemental information was CT Page 7971 provided to the court by the Town of North Haven. The plaintiff had an opportunity to comment to the court on the supplemental information and did so.
The record shows that the plaintiff went to the West Haven Police station to file a domestic violence complaint on December 19, 1994. The plaintiff wished that his ex-wife be arrested because she had earlier threatened him with a handgun. Officer Kevin Kelly inquired about the complaint and was told that the information was supplemental to a previous complaint that the plaintiff filed ten months earlier on February 1, 1994. Once informed, Officer Kelly told the plaintiff that he would have to contact the original case officer. The plaintiff left the Police station and filed the present complaint. At the hearing the plaintiff admitted that the complaint he wanted to file on December 19, 1996 was supplemental to his original complaint.
THE STANDARD FOR REVIEWING AN AGENCY'S DECISION MANDATES AN AFFIRMATION OF THE AGENCY'S DECISION IF THERE IS A SUBSTANTIAL BASIS OF FACT FROM WHICH THE FACT IN ISSUE CAN BE REASONABLY INFERRED. THE COURT SHALL NOT SUBSTITUTE ITS JUDGMENT FOR THAT OF THE AGENCY AS TO THE WEIGHT OF THE EVIDENCE ON QUESTIONS OF FACT.
The scope of review under the Uniform Administrative Procedure Act "is very restricted." Bd. of Ed. v. FOIC,208 Conn. 442, 452 (1988); Pet v. Dept. of Health Services,228 Conn. 651, 660 (1994). "In an appeal from a decision of the [CHRO], the Superior Court may not try the case de novo, adjudicate facts or substitute its own discretion for that of the [Investigator]." Billings v. CHRO, 18 Conn. App. 241, 243
(1989); Greater Bridgeport Transit District v. State Bd. ofLabor Relations, 232 Conn. 57, 64 (1995). Rather, the CHRO's factual determinations are to be accorded considerable weight.CT Hospital Assn., Inc. v. Comm. on Hospitals and Health Care,200 Conn. 133, 140 (1986). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Adriani v. CHRO, 220 Conn. 307, 314-15 (1991). "Substantial evidence" has been defined to mean evidence which affords a CT Page 7972
 . . ."substantial basis of fact from which the fact in issue can be reasonably inferred." . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part . . . .
CT Building Wrecking Co. v. Carothers, 218 Conn. 580, 593
(1991).
In determining whether there is substantial evidence, this court "must defer to the agency's assessment of the credibility of witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." Briggs v. State EmployeesRetirement Commission, 210 Conn. 214-18 (1989). "Ultimately, the question is not whether the trial court would have reached the same conclusion but whether the record before the [agency] supports the action taken." Miko v. CHRO, 220 Conn. 192,200-01 (1991). "If the decision of the agency is reasonably supported by the evidence an the record, it must be sustained.Ierardi v. CHRO, 15 Conn. App. 569, 582, cert. denied,209 Conn. 813 (1988).
In reviewing the record this court finds no factual basis to question the dismissal by the CHRO of the plaintiff's complaint. There is substantial evidence in the record showing that the plaintiff was not denied services by the Town of North Haven Police Department nor was he discriminated against upon the basis of his sex. Simply put, this is a lawsuit that should never have been filed and it has wasted time and resources of the defendants and this court. The issue of Domestic Violence is an important area that requires towns and their respective Police Departments to be vigilant and to respond to legitimate complaints properly. Nothing in the record shows that the Town of North Haven Police Department did not follow the letter and spirit of the law and that was properly recognized by the CHRO.[1]
CT Page 7973
THE APPEAL IS DISMISSED.
Norko, J.