[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action involving an administrative appeal from the decision of the Commission on Human Rights and Opportunities, known as CHRO. The prevailing Connecticut General Statutes are §§ 46a-94a and 4-183.
On February 3, 1993 Rosemarie George, hereafter known as the plaintiff, filed an affidavit of illegal discriminatory practice with the CHRO. She charged the A.D.P. Corporation with discrimination on account of her sex, in violation of C.G.S §§46a-58 and 46a-60(a)(1), 46a-60(a)(4) and 46a-60(a)(8) and the federal statute, Title VII of the Civil Rights Act of 1964. CT Page 7034
The plaintiff claims numerous violations of sexual innuendos and harassment on many occasions which are all part of the record. In accordance with § 46a-83 the CHRO then assigned an investigator to determine whether there was a cause to believe that a discriminatory practice had been or was being committed by A.D.P. Corporation. The conclusion of the investigator indicated there was no reasonable cause that would violate the state statute. As required by C.G.S. § 46a-83(b) the finding was distributed to the parties for review in common. The plaintiff responded and argued against dismissal. The CHRO rejected the plaintiff's arguments.
On July 5, 1995 the CHRO found that the plaintiff's arguments were not persuasive and issued a finding of no reasonable cause.; The plaintiff then under the Connecticut General Statutes requested a reconsideration of the CHRO's dismissal. The request for; reconsideration was rejected. This appeal was then brought to this court for a ruling.
We have been cautioned by the Appellate Court on numerous occasions that this cannot be a trial de novo. We cannot adjudicate the facts or utilize our own discretion. Billings v.CHRO, 18 Conn. App. 241, 243 (1989). Indeed, we have been instructed under L. Suzio Construction Co. v. State Bd. of LaborRelations, 135, 138 (1961) not to supersede the agency's authority unless there was discrimination or bias.
The plaintiff alleges that she was harassed sexually and by sexual innuendos, and was advised to seek medical treatment for her improper behavior. The plaintiff admitted in her CHRO affidavit that she had feelings for Rick Feeney, an employee of the corporation. There was no action taken upon this relationship.
The plaintiff claimed she observed a "lover's quarrel" between other parties. That observation does not constitute sexual harassment. The plaintiff further claims she has endured unwelcome sexual overtures during her employment. However, the plaintiff failed to utilize the company's internal sexual harassment policy to report any offensive conduct toward her. Further, the investigator determined that the A.D.P. Corporation had valid reason to terminate her employment. He determined she called Mr. Feeney at his home and at his office for non-business reasons. She was warned about her inappropriate behavior on many occasions. She constantly complained to other employees about CT Page 7035 other people's conduct but she had no valid reason for said complaints. She allegedly tried to run down one of the other employees, a person known as Mrs. Hackett, with her vehicle and made no valid explanation for her behavior.
In this court's opinion, the investigator made a thorough investigation of all claims that he considered relevant to the matter and arrived at a decision that determined there was no harassment or discriminatory practice by the company or its employees. This court is limited by its review and can only determine that the parties involved in the investigation and finding were not arbitrary, discriminatory or biased. The court can find no evidence that such claims exist. This court dismisses the plaintiff's claim.
Philip E. Mancini, Jr., Judge Referee