[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this appeal from a decision of the Commission on Human Rights and Opportunities ("CHRO") dismissing his employment discrimination complaint. The appeal is authorized pursuant to General Statutes § 46a-83a and the Uniform Administrative Procedures Act § 4-166 et seq., 4-183.
In his October 1, 1992 employment discrimination complaint to the CHRO, the plaintiff alleged that he had been employed for ten years by United Technology Corporation, Sikorsky Aircraft Division. The plaintiff alleged that the termination was based on discriminatory reasons, his age (60) and national origin (Italian) in violation of General Statutes § 46a-60(a)(1); Age Discrimination in Employment Act 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964 as amended,42 U.S.C. § 2000e et seq.
The plaintiff asserted that his termination for operating a gambling pool was discriminatory in that other younger or non-Italian employees were less severely disciplined. The employer ("Sikorsky"), in its answer and response to the CHRO's request for information, denied any discriminatory activity. Sikorsky noted and documented its firm policy prohibiting gambling (Return of Record ("ROR"), pp. 237-39) and distinguished the plaintiff from the other employees disciplined on the basis of the volume of the pool plaintiff ran and his profit from such operations. (ROR, pp. 178-79).
Following a fact finding and mandatory mediation session pursuant to § 46a-83, the CHRO investigator issued a draft opinion of no reasonable cause for the parties to review and comment upon. (ROR, pp. 61-69.) The investigator proceeded to dismiss the plaintiffs complaint on July 23, 1996 (ROR, pp. 18-31.) The plaintiff requested reconsideration of such dismissal (ROR, p. 14) which was rejected by the CHRO on December 4, 1996. (ROR, pp. 2-7.)
In his brief the plaintiff challenges the evidentiary basis CT Page 9868 of the CHRO's determination of no probable cause that discrimination would be found if the case went to a full hearing. The plaintiff alleges that there is not substantial evidence in the record to support such conclusion and that the CHRO ignored evidence presented by the plaintiff. In addition, the plaintiff challenges the decision as being the result of a faulty or inadequate investigation. The court finds the issues for the defendants.
At the outset, the court notes the "standard of review for all of the plaintiffs claims on appeal. Because [the court is] reviewing the decision of an administrative agency, [the court's] review is highly deferential. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . ." (Citations omitted; internal quotation marks omitted.) Bezzini v. Dept. of Social Services,49 Conn. App. 432, 436 (1998). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Adrianiv. CHRO, 220 Conn. 307. 314-15 (1991).
The CHRO, pursuant to § 46-83(c) is required to determine ". . . If there is a reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint." Thus, in this complaint the CHRO was to determine if there is reasonable cause to believe that the plaintiff was terminated from his employment because of his age or ancestry, rather than his participation in a gambling pool. It is undisputed that the plaintiff had been employed for approximately ten years at the Sikorsky Industrial Plant in Shelton, Connecticut. The plaintiff worked as a degreaser and paint stripper. Sikorsky had a long standing policy prohibiting gambling. The hourly employee manual indicates: "The following practices are strictly forbidden: 5. Gambling, taking orders, selling tickets, soliciting or contributing money for any unauthorized cause . . . Every employee will be presumed to be familiar with the above regulations in violation of any is proper cause for disciplinary action, up to and including dismissal." (ROR, pp. 237, 239.) The plaintiff admittedly was aware of his employer's policy prohibiting gambling.
On March 24, 1992, Sikorsky was alerted to a report of gambling occurring on its property. The Sikorsky internal CT Page 9869 security department immediately commenced an investigation. As a result of the investigation it was discovered that there had been a gambling pool on the second shift for about a year with about ten employees participating and the entire pool proceeds of approximately $100 going to the winner in weekly pools. The employee participants were suspended from three to ten days. One employee, a manager, John Asmus, was suspended as well as being demoted from his supervisory position (ROR, p. 188). The investigators learned of a much larger gambling pool being conducted on the first shift allegedly by the plaintiff. The first shift pool routinely had 200 or more employees participating and had weekly winnings of up to $4,000. On at least one occasion, the plaintiff received a "tip" of $400. The plaintiff initially gave a false statement denying his participation in the pool. Sikorsky distinguished the plaintiffs participation in the gambling, based on the magnitude of the gambling pool on the first shift and his profit from tips
The plaintiff ultimately admitted his participation in the pool and only disputes the profit allegation. The plaintiff declines to characterize the "tips" as profit. Whether the court would accept the plaintiffs characterization of his "tips" is not the issue. The CHRO's factual determinations are to be accorded considerable weight. Connecticut Hospital Association. Inc. v.Commission on Hospitals and Healthcare, 200 Conn. 133, 140
(1986). In reviewing a CHRO decision the Superior Court is not to try the case de novo, adjudicate facts or substitute its own judgment and discretion for that of the investigator. Billingsv. CHRO, 18 Conn. App. 241, 243 (1989).
This is especially the case in an employment discrimination context, where the employer has articulated a legitimate non-discriminatory reason. Clearly, disciplinary action in support of a reasonable work rule prohibiting gambling on premises is a legitimate non-discriminatory reason for an employment decision. See Texas Department of Community Affairs v. Burdine,450 U.S. 248, 254-56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The employer bears only a burden of production, not of persuasion with respect to its burden in rebutting a prima facie case of discrimination. The employer need only set forth the reasons for the plaintiffs termination which would constitute a legitimate, non-discriminatory reason. The mere production of such evidence rebuts the prima facie case, and would require the plaintiff to establish that the employer's proffered reason was a mere pretext for a discriminatory motivation. Here, the plaintiff does not CT Page 9870 dispute that Sikorsky has a long standing policy against gambling on its property, that the plaintiff participated in gambling on a scale distinguishable from other employees, and that he initially falsely denied his participation in the gambling pool. The plaintiffs disputes are only as to the extent and nature of his "tips", and whether they are fairly characterized as "profit". The employer was clearly free to draw the line at some point and the $400 "tip" certainly places the plaintiff in a distinct category.
The plaintiffs only claim of disparate treatment is with respect to the other gambling pool participants who were only subject to suspension as opposed to his termination of employment. The ages of the other employees; two of the seven over 50, the other five over 40; combined with their substantially smaller participation, undermines the claim of disparate treatment. There is not even an allegation that the gambling policy or investigation was in any way pretextual.
The plaintiffs argument on the disregard of his evidence also fails. The affidavit of the plaintiffs wife did not dispute his participation in the gambling, only the extent of such participation, and even if accepted would have been consistent with his more substantial role in the gambling. Also, it is the essential nature of the fact finder that he or she weigh the evidence and determine credibility. Shelnitz v. Greenberg,200 Conn. 58, 68 (1986), Levy v. CHRO, 35 Conn. App. 474, 489
(1994), aff'd, 236 Conn. 96 (1996). See also Adriani v. CHRO, supra 220 Conn. 317.
The plaintiffs dispute with the adequacy of the investigation is premised on the nature of the evidence provided by the employer. Sikorsky's witnesses were the investigators and supervisors who were involved in the termination decision. The plaintiff objects to their inclusion of hearsay reports obtained in the process of investigation, in Adriani v. CHRO, supra,220 Conn. 319, n. 11, the Supreme Court specifically rejected a challenge to the use of hearsay reports by a CHRO investigator. The court noted: "It is well established that, even at the hearing stage of adjudicative proceedings by agencies, hearsay is admissible if it is reliable and probative." Id.
The plaintiffs complaints about Sikorsky's failure to bring to the CHRO fact finding conference the other first shift employees who were participants in the gambling pool are CT Page 9871 insubstantial in view of the limited value of their testimony. It would not have been material and certainly not dispositive to hear the other employees testifying about the nature of the "tips". The plaintiff did not dispute that unlike the other employees he received money as a result of his handling the gambling pool, and that the first shift gambling pool was substantially larger than the second shift pool. The debate over whether the "tips" were profit would not be material to the issues that Sikorsky had articulated a legitimate non-discriminatory reason (the plaintiffs greater involvement in gambling) and the plaintiff had no evidence of pretext. Clearly, the CHRO investigator, under the authority of the TexasDepartment of Community Affairs v. Burdine, supra, could reasonably have concluded that enough evidence had been presented. See also St. Mary's Honor Center v. Hicks,509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (clarified employer's lack of any burden to prove that its proffered reasons are true; it is incumbent on plaintiff to demonstrate by a preponderance of the evidence that the proffered reasons are pretextual); Rhodesv. Guiberson Oil Tools, 75 F.3d 989 (5th Cir. 1996) (en banc) (outlining employee's substantial burden in avoiding summary judgment where employer has articulated a non-discriminatory legitimate reason for its employment action.)
The decision of the CHRO is affirmed and the appeal is dismissed.
Robert F. McWeeny, J.