[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Commission on Human Rights and Opportunities dismissing plaintiff's complaint on the grounds that the defendant's investigator found insufficient evidence to support a finding of reasonable cause that a discriminatory act had occurred.
The facts are as follows: On May 21, 1997, Donald A. Zagar, plaintiff, filed an affidavit of illegal discrimination practice with the CHRO. In it he charged his former employer, Bozzuto's Inc. with discrimination on account of age, in that his termination on January 10, 1997 was a direct attempt to prevent him from working until age 55, at which time he would be eligible for certain pension and retirement benefits. Bozzuto's Inc. (hereinafter Bozzuto's) filed an answer and submitted responses to requests for information from the CHRO denying terminating plaintiff on the basis of his age, and articulating that plaintiff's termination was the result of his inability to get along with other employees.
In accordance with Connecticut General Statutes § 46a-83(b), plaintiff's complaint and Bozzuto's answers were processed by defendant through the merit assessment procedure. CHRO determined that plaintiff's complaint would be retained for a full investigation and was accordingly assigned to a CHRO investigator for further inquiry, pursuant to § 46a-83(c). On November 13, 1997, Dawn Westbrook, a CHRO investigator conducted a fact finding and mediation session. Testimony was elicited from a number of witnesses including the plaintiff, Thomas Zatina, a human resource person working for Bozzuto's, and Hope Patterson, manager of retail support services at Bozzuto's. Their testimony revealed that plaintiff held an administrative position with Bozzuto's but had extreme difficulty working with fellow employees. Because of that, he was asked to work from his home. Even then he encountered personal conflicts with employees working on projects with him. These difficulties extended over a number of years and eventually led to Bozzuto's discharging him in January, 1997.
After weighing all the evidence, the CHRO investigator determined that: (1) the plaintiff was a member of a protected class, being over 55 years of age; (2) the plaintiff performed his job in a satisfactory manner, but his termination was based CT Page 4840 on his inability to work with other people; (3) the plaintiff was discharged; (4) Bozzuto's gave legitimate non-discriminatory reasons for his discharge; (5) Bozzuto's explanation was worthy of credence, and on all of the facts adduced at the investigatory hearing, the investigator finally determined that there was not sufficient evidence to support the finding of reasonable cause that a discriminatory act had occurred. The decision of CHRO being a final decision, plaintiff appealed it to this court.
In reviewing the CHRO's dismissal of plaintiff's complaint, the scope of review by this court under the Uniform Administrative Procedures Act "is very restricted". Board of Education v. FOIC,208 Conn. 442, 452 (1988). This court may not try the case denovo, adjudicate facts or substitute its own discretion for that of the administrative agency. Billings v. CHRO, 18 Conn. App. 241,243 (1989); Greater Bridgeport Transit District v. State Board ofLabor Relations, 232 Conn. 57, 64 (1995). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic facts and whether the conclusion drawn from those facts are reasonable." Adriani v. CHRO, 220 Conn. 307,314-15 (1991). As the court stated in Connecticut Building Wrecking Co. v.Carothers, 218 Conn. 580, 593 (1991)
 Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . in determining whether an administrative finding is supported by `substantial evidence' a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part". Briggs v. State Employees Retirement Commission, 210 Conn. 214, 217 (1989).
Plaintiff claims that he established a prima facie case of discharge due to age discrimination by showing that he was within the protected age group (55), that he was qualified for the position from which he was discharged, and that the discharge occurred, under circumstances giving rise to the inference of age discrimination. He concedes that he has not established any facts to show directly that Bozzuto's fired him because of his age, but he did establish it indirectly by showing that Bozzuto's proffered explanation is unworthy of credence.
The standard CHRO had to apply is not whether or not the CT Page 4841 plaintiff had made a prima facie case of age discrimination, but whether or not there was reasonable cause for believing that the discriminatory practice has been committed. This is precisely the standard that the CHRO investigator applied. In Ierardi v.Commission on Human Rights and Opportunities, 15 Conn. App. 569
(1988) the court made a clear distinction between prima facie
case and reasonable cause. The standard of prima facie case, the court points out, requires the adjudicative body to look at the evidence most favorably from the point of view of the plaintiff to determine whether plaintiff has met its burden for the case to go forward. The court defined reasonable cause as being equivalent to probable cause. Probable cause is defined as "a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment under the circumstances in entertaining it." At p. 580.
In determining reasonable cause the court looks at all the evidence, and not just that favorable to the plaintiff. As stated in Cohen v. Connecticut Commission on Human Rights andOpportunities, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 549621 (March 1, 1996, Hodgson, J.) "In determining whether a complaint of discrimination in employment is supported by reasonable cause, the CHRO is not limited to determining whether the complainant can make a prima facie case. Rather, the CHRO must look at the preliminary information as a whole in assessing whether reasonable cause is or is not present."
The record here reveals that Thomas Zatina, who worked as a human resource person for Bozzuto's, testified that he had received "a couple of dozen" complaints from employees regarding plaintiff's management style. He further stated plaintiff had "trouble working with people," "employees were revolting", employees were "frustrated by [plaintiff's] management style". It is further revealed that plaintiff was taken off what was called the "paradise" project because "of people related issues." This evidence was supported also by the testimony of Hope Peterson and by an affidavit of Michael Bozzuto.
Further, the plaintiff's periodic evaluations at Bozzuto's indicated, "Don creates tremendous stress and anxiety and frustration for his staff. He must work on this and build his team's morale and attitude." "Don can be very moody and very inflexible at times. This must improve." "Don, you are a great technician, but you still have many challenges in the area of CT Page 4842 management." Also indication of his questionable performance is demonstrated by the fact that he received no salary increase for the last six years of his employment.
The investigator heard all of this testimony, evaluated the credibility of the witnesses and determined that there was no reasonable cause to believe an age discriminatory act had been committed. Substantial evidence in the record supports this conclusion. This court cannot retry the facts, pass on the credibility of the witnesses, and disturb that conclusion. Vescev. Lee, 185 Conn. 328, 335 (1981).
Plaintiff's allegation that his termination resulted in a loss or reduced pension benefit is unfounded. At the time of plaintiff's termination, he was fully vested in Bozzuto's profit sharing and stock ownership plan to the value of more than $225,000. What plaintiff experienced was not a denied pension or reduced pension, but a delay in receiving the pension. His claim that his discharge five months before he reached the age of 55 created the inference of age discrimination was considered by the investigator along with all the other evidence in reaching the conclusion that there was not reasonable cause to believe an age discriminatory act had occurred.
Applying the standards of § 4-183(j), the court concludes that the CHRO's decision is not clearly erroneous in view of reliable probative and substantial evidence on the whole record and is not arbitrary or capricious or characterized by abusive discretion or clearly unwarranted exercise of discretion. As a consequence, the appeal is dismissed.
Robert Satter
Judge Trial Referee