[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 30, 1997 CT Page 8030
This action is an appeal from an administrative decision of the Freedom of Information Commission (FOIC) brought pursuant to General Statutes §§ 1-21i(d) and 4-183. The plaintiff seeks a review of the decision of the FOIC ordering the Hartford chief of police to disclose documents relating to an internal affairs investigation.
The following facts in this case are not disputed. On February 9, 1995, Terence P. Sexton, an attorney, made a request under the Freedom of Information Act (FOIA) for information from the Hartford chief of police to "disclose all documents, reports and memoranda concerning any Internal Affairs or Patrol Operations Division investigations relating to Officer Raymondo Diaz." The chief denied this request. On February 24, 1995, Sexton filed an action in the Federal District Court for the District of Connecticut on behalf of Carmen Delia Soto against the city of Hartford and Officer Raymondo Diaz for alleged violations of her civil rights. During the course of the federal action, Sexton sought the same information requested from the police chief through discovery proceedings in the federal court action. Sexton sought to obtain the documents that are the subject matter of this appeal through a request for production of documents under Rule 34 of the Federal Rules of Discovery. The defendants in that federal action filed an objection to the request for production. The federal court did not rule on this discovery matter, and Sexton did not pursue this discovery request further.
On December 13, 1995, the FOIC held a hearing at the request of Sexton to hear testimony and arguments pertaining to the plaintiff's alleged violation of the FOIA. The chief argued at the FOIC hearing that Sexton was seeking the same documents through the discovery process in the pending civil action and therefore the disclosure of such documents would limit the rights of the litigants involved in the civil action. Following the FOIC hearing, the FOIC issued its final decision on May 17, 1996, ordering the disclosure of all of the documents in question. This appeal by the police chief followed.
At oral argument both parties informed the court that the underlying action in the federal court was settled and the case withdrawn. Both parties claim that, although the underlying CT Page 8031 action has been settled, important policy issues remain for the future guidance of the police chief and the FOIC.
The basic issue raised by the parties is whether the use of the discovery process in a pending federal civil lawsuit precludes the disclosure of public documents which may be involved in that federal action. This issue arises out of General Statutes § 1-19b(b)(1), which provides:
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-22k, inclusive, shall be deemed in any manner to (1) . . . limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state.
The plaintiff claims that General Statutes § 1-19b(b)(1) provides an exemption from disclosure under the FOIA, if the same records have also been sought through discovery in civil litigation in the federal court. In support of this argument, the plaintiff relies upon Gifford v. FOIC, 227 Conn. 641,631 A.2d 252 (1993). Gifford basically holds that under the FOIA, reports prepared in connection with an arrest are not required to be disclosed to the public during the pendency of the related prosecution. Contrary to the plaintiff's contention, Gifford does not support its position that public documents requested in a civil action need not be disclosed during the pendency of that action. The decision in Gifford was limited "solely to the issue of whether arrest reports must be disclosed during the pendency of the criminal prosecution." Id., 651. However, the FOIC's decision in a previous case does support the plaintiff's claim. See Sobocinski v. Freedom of Information Commission,213 Conn. 126, 566 A.2d 703 (1989).[1] In Sobocinski, the issue was whether § 1-19b(b) prohibited disclosure of information or documents to parties involved in a pending civil litigation with the state. Sobocinski is the flip side of the present case. InSobocinski, the plaintiff in a civil action sought to obtain discovery from the commissioner of transportation by way of interrogatories related to the malfunction of overhead traffic signals at a certain location. The commissioner filed an objection to the interrogatories and the request for production. Before the court held a hearing on the objection, the plaintiff in that case filed a written request for the same information pursuant to the FOIA. The commissioner of transportation moved for a protective order with the trial court seeking to be CT Page 8032 relieved of the burden of producing the documents requested. The motion was denied because no hearing had been held on the objection to the interrogatories and the production of documents. The FOIC subsequently denied Sobocinski's request on the grounds of pending litigation. The FOIC, contrary to its position in the present action, dismissed Sobocinski's complaint on the basis that the requested documents were exempt under § 1-19b(b) "since production of the records requested would affect the rights of litigants under the laws of discovery of this state."Id., 130-131. Contrary to its position in Sobocinski, the FOIC ruled in the present action that a discovery request in a civil action is distinct from a request for disclosure under FOI rules.
Unfortunately, the key issue in Sobocinski was not decided by our Supreme Court. During the pending litigation, the parties inSobocinski settled their differences and Sobocinski withdrew her underlying civil action against the commissioner of transportation. Id., 133. Since Sobocinski withdrew the underlying action, the court in Sobocinski declined to decide the substantive issue of the case, declaring that the action was moot because of the settlement.
The parties argue that important policy issues in this case remain to be decided even though the underlying action has been settled. We agree. The plaintiff argues that if the court dismisses this action for mootness the plaintiff is left with the obligation to comply with the very same order of the FOIC upon which this appeal is based. We agree with the plaintiff that the existence of the FOIC's outstanding order puts the plaintiff in jeopardy of having to comply with the FOIC's order or suffer penalties which may be imposed pursuant to General Statutes §1-21i(2). In addition, the FOIC order in this case orders that the plaintiff shall "[h]enceforth, . . . strictly comply with the public records requirement set forth in §§ 1-15 and 1-19 (9) G.S." This factor justifies review of the case. See DomesticViolence Ser. of Greater New Haven v. FOIC, 240 Conn. 1, 8-9,688 A.2d 314 (1997).
In the present action the FOIC concluded that §1-19b(b)(1) did not provide an exemption to the disclosure of documents pertinent to this pending civil litigation. We note that the FOIC's order in the present action is consistent with the trial court's decision in Sobocinski, which held that disclosure in a judicial proceeding is separate and independent from the action of the FOIC. Nancy Sobocinski v. Freedom ofCT Page 8033Information Commission, 3 CSCR 76 (December 7, 1988, Reifberg, J.).
The purpose of the discovery process is to obtain information. See State v. Jaynes, 36 Conn. App. 417, 422,650 A.2d 1261 (1994). The purpose of the FOIA is to carry out a legislative mandate in favor of free public access to public records. Board of Education v. Freedom of Information Commission,208 Conn. 442, 451, 545 A.2d 1064 (1988). Exemptions to this legislative mandate should be narrowly construed. Wilson v.Freedom of Information Commission, 181 Conn. 324, 329,435 A.2d 353 (1980). We see no legislative intent to make the exemption in § 1-19b(b)(1) act as a shield but rather as a screening process for the FOIC to determine if disclosure would limit litigants' rights under the discovery process. The exemption in § 1-19b(b)(1) should not be used as a tool to "frustrate the `strong legislative policy in favor of the open conduct of government and free public access to government records.'" Boardof Education v. Freedom of Information Commission, supra,208 Conn. 451; see Wilson v. Freedom of Information Commission,supra, 181 Conn. 328.
The legislative change in § 1-19b(b)(1) from "affect" to "limit" in 1994 shows a further legislative desire not to allow the discovery process in judicial proceedings to restrict access to public records. See Board of Education v. Freedom ofInformation Commission, supra, 450.
Accordingly, we conclude that § 1-19b(b)(1) does not bar access to public records under the facts in this case. The plaintiff's appeal is dismissed.
ARONSON, J.