[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant. Freedom of Information Commission ("FOIC"), brought pursuant to Connecticut General Statutes §§ 1-21i(d) and4-183(b), by the plaintiff, City of Hartford ("Hartford"). The FOIC had ordered Hartford to provide the defendant Patricia Tisdall with copies of certain. documents which Hartford claims are subject to discovery orders in a personal injury lawsuit. The appeal of the FOIC order was timely filed, and after the briefs were filed, the parties submitted this matter to the Court for decision on the papers.
The factual background is as follows. The defendant, attorney Patricia Tisdall, represents one Nola Strickland in the defense of a premises liability action currently pending in the Superior Court, Hartford Judicial District. The plaintiffs in that case allege personal injuries as a result of a tree limb falling on June 12, 1995 onto the sidewalk and street in front of 8 Westland Street, Hartford, Connecticut. Strickland, who is the owner of the property, City Forester, John Brodeur and the City of Hartford were named as defendants in the premises liability case.
A motion to strike the negligence counts against City Forester John Brodeur and the City of Hartford on the basis of governmental immunity was granted by the Superior Court,Hennessey, J., on April 1, 1997. A notice of intent to appeal that decision was filed on April 9, 1997. The Superior Court,Hennessey, J., granted the City of Hartford's motion for judgment on the motion to strike on March 10, 1998. Thus, the defendant Strickland is the only remaining defendant in the premises liability case.
Strickland's attorney, the defendant Tisdall, on July 23, 1997, requested from the City of Hartford pursuant to the Freedom CT Page 1597 of Information Act ("FOIA") "all maintenance records for the last 5 years regarding tree limbs on or extending from 8 Westland Street, Hartford, Connecticut." (See Plaintiff's Petition dated March 13, 1998, p. 2.) On July 29, 1997, Hartford claimed an exemption pursuant to Connecticut General Statutes §1-19b(b)(1) which provides that nothing in the Freedom of Information Act (FOIA) "shall be deemed in any manner to limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state. . . ." and denied Tisdall's request for documents.
Thereafter, on July 30, 1997, Tisdall filed a complaint to the FOIC against Hartford claiming that it violated the FOIA by refusing to provide her with the requested documents. A hearing on the complaint was held before Hearing Officer Clifton A. Leonhardt on November 5, 1997. The FOIC issued its notice of final decision on January 28, 1998, which ordered Hartford to disclose the requested documents to Tisdall. Hartford then appealed this final decision of the FOIC to the Superior Court on March 13, 1998.
As in Director of Personnel v. Freedom of InformationCommission, Superior Court, judicial district of New Britain, Docket No. 492642 (February 10, 1999, Hartmere, J.), the issue presented to this court is whether the FOIC's order was in violation of General Statutes § 1-19b(b)(1), which provides in pertinent part:
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21 k, inclusive shall be deemed in any manner to (1) . . . limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state. . . .
The plaintiff envisions a conflict between the foregoing § 1-19b(b)(1) and General Statutes § 1-19 (a), which provides in pertinent part:
Except as otherwise provided by any federal law or state statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect Such records promptly during regular office or business hours or to CT Page 1598 receive a copy of such records in accordance with the provisions of section 1-15.
"The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 328 (1980); see alsoChairman v. Freedom of Information Commission, 217 Conn. 193, 196
(1991); Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984). "The general rule under the [FOIA] is disclosure with the exceptions to this rule being narrowly construed." (Brackets omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 167 (1993); see also Superintendent of Police v.Freedom of Information Commission, 222 Conn. 621, 626 (1992);Rose v. Freedom of Information Commission, 221 Conn. 217, 232
(1992).
Here, the plaintiff advances four arguments in support of its position: First, the plaintiff argues that the FOIC order limits the rights of Hartford and the City Forester under the discovery laws of this state; second, the plaintiff contends that the FOIC's order is arbitrary, capricious and an abuse of discretion because it is contrary to the FOIC's prior interpretation of General Statutes § 1-19b(b)(1); third, that the court should note and give special attention to the words "nothing" and "in any manner" and how they are used within the context of §1-19b(b)(1); and fourth, that the FOIC acted outside its statutory mandate by encroaching on judicial functions.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183a)[1] and is very restricted. Cos Cob Volunteer Fire Co. No. 1. Inc. v.FOIC, 212 Conn. 100, 104 (1989); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises. Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. Hart Twin VolvoCT Page 1599Corp. v. Commissioner of Motor Vehicles, 165 Conn. 42, 49,327 A.2d 588. See Paul Bailey's Inc. v. Kozlowski, 167 Conn. 493,496-97; 356 A.2d 114." (Citations omitted; internal quotation marks omitted.) Lawrence v. Kozlowski, 171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969 (1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgnerv. Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the courts . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom of InformationCommission, 218 Conn. 757, 761-62 (1991); Domestic ViolenceServices of Greater New Haven. Inc. v. FOIC, 47 Conn. App. 466,470-71 (1998).
In the present case, Hartford claims that the FOIC's order limits the rights of the City and the City Forester under the laws of discovery of this state. Hartford claims that under the FOIC's decision, a party who is involved in litigation against a public agency can circumvent the discovery process and request documents through the FOIC, which is contrary to the plain language of the law. The short answer to Hartford's argument is that neither Hartford nor the City Forester are currently parties to the lawsuit, a motion to strike the negligence counts against the City Forester and Hartford having been granted on the grounds of governmental immunity on April 1, 1997. In fact, Hartford's motion for judgment on that motion to strike was granted on March 10, 1998. Nola Strickland, the owner of the property is the only remaining defendant in the premises liability case. Thus, the FOIC's order in no way limits Hartford's rights under the discovery laws of this state.
The plaintiff's second argument is that the FOIC's order is arbitrary, capricious and an abuse of discretion because it is contrary to the FOIC's own prior interpretation of General Statutes § 1-19b(b)(1). In support of this argument, the plaintiff relies upon advisory opinion #74 (March 8, 1989), andGifford v. Freedom of Information Commission, 227 Conn. 641,631 A.2d 252 (1993). However, the advisory opinion was issued and CT Page 1600Gifford decided prior to the Connecticut legislature's 1994 amendment to Connecticut General Statutes § 1-19b(b)(1), which substituted limit the rights of litigants" for affect the rights of litigants." Public Act 1994, No. 94-246, § 15. It is a basic tenet of statutory construction that the legislature intends to change existing law when it enacts a new statutory language, unless a contrary legislative intent appears. Caron v.Inland Wetlands and Watercourses Commission, 222 Conn. 269
(1992). The legislative amendment to § 1-19b(b)(1) from "affect" to "limit" in 1994 indicates a legislative intent not to allow the discovery process in judicial proceedings to restrict access to public records. Chief of Police v. Freedom ofInformation Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 561310 (July 30, 1997, Aronson, J.) (20 Conn. L. Rptr. 230).[2]
The plaintiff's reliance on Gifford v. Freedom of InformationCommission, supra, 227 Conn. 641, is misplaced. The holding inGifford is that police reports prepared in connection with an arrest are not required, under the FOIA, to be disclosed to the public during the pendency of the related criminal prosecution. The decision in Gifford was limited "solely to the issue of whether arrest reports must be disclosed during the pendency of the criminal prosecution." Id., 651.
Thus, the plaintiff's second argument must fail.
The plaintiff again relies on Gifford v. Freedom ofInformation Commission, supra, 227 Conn. 641, in arguing the statutory construction of the phrases "nothing" and "in any manner" contained within § 1-19b(b)(1). The plaintiff argues that under § 1-19b(b)(1), a limitation in any way on a litigant's rights is contrary to the statute, regardless of how insignificant or unusual that limitation may be. The plaintiff contends that this strict statutory interpretation of §1-19b(b)(1) is consistent with the notion that any forced disclosure of documents against a party in litigation is a per se limitation of his or her rights as a litigant.
Of course, the purpose of discovery is to obtain information,State v. Jaynes, 36 Conn. App. 417, 422 (1994), while the purpose of the FOIA is to carry out the legislative mandate of free public access to public records, Board of Education v. Freedom ofInformation Commission, 208 Conn. 442, 451 (1988). Exemptions to this legislative mandate generally are narrowly construed. CT Page 1601Perkins v. Freedom of Information Commission, supra,228 Conn. 167. This court agrees with the court in Chief of Police v.Freedom of Information Commission, supra, 20 Conn. L. Rptr. 230, when it stated:
 We see no legislative intent to make the exemption in § 1-19b(b)(1) act as a shield but rather as a screening process for the FOIC to determine if disclosure would limit litigants' rights under the discovery process. The exemption in § 1-19b(b)(1) should not be used as a tool to "frustrate the `strong legislative policy in favor of the open conduct of government and free public access to government records.'" (Citations omitted).
Accordingly, the plaintiff's argument concerning statutory construction of § 1-19b(b)(1) also must fail.
The last argument presented by the plaintiff is that the FOIC acted outside its statutory mandate by encroaching on judicial functions. The plaintiff contends that since Judge Hennessey previously had issued rulings concerning Hartford's motions to strike and for judgment in the underlying premises liability action, the FOIC was beyond its jurisdiction in ruling on the disclosure of the documents at issue here. The documents at issue here are maintenance records pertaining to tree limbs on or extending from 8 Westland Street, Hartford. The record is devoid of evidence that these records were the subject of court ordered discovery, even when Hartford was a party to the action. The plaintiff had the burden of proof to establish the applicability of the claimed exemption under § 1-19b(b)(1) to disclosure. Wilson v. Freedom of Information Commission, supra,181 Conn. 341. This burden of proof regarding the applicability of the statute required the plaintiff to provide more than mere conclusory language, or arguments of counsel. New Haven v.Freedom of Information Commission, supra, 205 Conn. 775-76. Indeed, the plaintiff must provide a sufficiently detailed record to reflect the reasons why an exemption applies to the materials requested. Id.
In the present case, the plaintiff introduced no evidence that the discovery rules would apply to the records here at issue. No discovery request had been made for the records Tisdall sought in the FOIA request. There is no evidence that any judge issued a discovery order dealing with the records sought in this CT Page 1602 FOIA request. Indeed, the records were sought from Hartford, which no longer was a party to the underlying premises liability action. Thus, the plaintiff's argument that the FOIC exceeded its authority by encroaching on judicial functions must fail.
Based on the foregoing, the decision of the FOIC in this matter will not be disturbed and this administrative appeal therefrom is dismissed.
_____________________________________ Michael Hartmere, Judge