[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the defendant, Freedom of Information Commission ("FOIC"), brought pursuant to Connecticut General Statutes §§ 1-21i(d) and4-183(b). The plaintiffs, Personnel Director, City of Hartford and City of Hartford ("Hartford"), challenge the decision of the FOIC in its contested case, William Smith v. Director ofPersonnel, City of Hartford, in which the FOIC ordered the plaintiffs to provide the defendant William Smith ("Smith") with copies of certain documents. The documents related to CT Page 2197 complaints of discrimination or harassment filed by members of the Hartford Fire Department against other members of the fire department. For the reasons set forth below, this appeal is dismissed.
This case originated on November 27, 1996 when the defendant Smith, Assistant Fire Chief of the Hartford Fire Department, filed a complaint with the FOIC against the plaintiff City of Hartford, alleging that Hartford refused to provide records pertaining to complaints of discrimination or harassment filed by members of the Hartford Fire Department against other members of the fire department. Smith had requested the documents from the plaintiffs pursuant to the Freedom of Information Act ("FOIA") on October 31, 1996. In his request, Smith's attorney had indicated that: "The aforementioned information is requested for purposes, inter alia, of assessing and/or attacking the credibility of witnesses that may testify in the pending suit brought by Mr. Smith, and because said information may lead to the discovery of additional information helpful to Mr. Smith." (Return of Record (ROR), p. 4.)
On November 4, 1996, the plaintiffs denied Smith's Freedom of Information request based on the indication that the requested information was going to be used to assess and/or attack the credibility of witnesses in a pending lawsuit. (ROR, p. 7.) The plaintiffs maintained that the FOIA could not be used to obtain this type of information based on Connecticut General Statutes § 1-19b(b)(1), which provides: "Nothing in [the FOIA] shall be deemed in any [manner] to limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state." (ROR, p. 22.) On November 27, 1996, Smith filed his complaint with the FOIC.
The underlying referenced case was a civil action commenced by Smith on October 24, 1996, in Superior Court, Hartford against Local 760, International Association of Firefighters AFL-CIO and several of its members. This action, which was in the nature of an "application for an ex parte temporary restraining order" and a "bill of discovery" alleged that members of Local 760 were divulging illegal records of Smith's telephone conversations. The plaintiffs here were not parties to that action. With respect to the issue of discovery, a superior court judge limited discovery to: (1) "the identities of person or persons who delivered the tapes to the City Manager or other city officials" and (2) "information concerning the use of tapes in administrative CT Page 2198 proceedings." (ROR, p. 70.)
Subsequent to Smith's complaint to the FOIC, the FOIC issued a notice of hearing and order to show cause on March 31, 1997. (ROR, p. 11.) A hearing was held on the complaint on April 21, 1997.
At the hearing, the evidence established that Smith previously had instituted suit against the Hartford Firefighters Local 760 and sought information pertaining to the tape recording of telephone conversations. (ROR, pp. 24, 49-56.) There, the information sought through discovery did not include any of the records subsequently sought from the plaintiff through the FOIA proceeding below. By letter dated January 31, 1997, Smith informed the plaintiffs of his intent to commence a lawsuit based upon the alleged illegal tape recordings. (ROR, pp. 72-73.) It had been on October 31, 1996, that Smith had requested various documents concerning other complaints and/or grievances filed by employees of the City of Hartford Fire Department from the plaintiffs under the FOIA. (ROR, pp. 21-21A.) None of the records sought in the FOIA request concerned the tape recorded conversations.
The hearing officer, Clifton A. Leonhardt, issued his report on June 30, 1997 (ROR, pp. 80-82), which was adopted by the FOIC as its final decision in the matter on August 27, 1997. (ROR, pp. 83-86.) It is that final decision of the FOIC which is the subject matter of the instant administrative appeal.
The issue presented to this court is whether the FOIC's order was in violation of General Statutes § 1-19b(b)(1), which provides in pertinent part:
 Nothing in sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, and 1-21 to 1-21k, inclusive shall be deemed in any manner to (1) . . . limit the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state. . . .
In this case, the plaintiffs envision a conflict between the foregoing § 1-19b(b)(1) and General Statutes § 1-19(a), which provides in pertinent part:
Except as otherwise provided by any federal law or state CT Page 2199 statute, all records maintained or kept on file by any public agency, whether or not such records are required by any law or by any rule or regulation, shall be public records and every person shall have the right to inspect such records promptly during regular office or business hours or to receive a copy of such records in accordance with the provisions of section 1-15.
"The Freedom of Information Act expresses a strong legislative policy in favor of the open conduct of government and free public access to government records." Wilson v. Freedom ofInformation Commission, 181 Conn. 324, 328 (1980); see alsoChairman v. Freedom of Information Commission, 217 Conn. 193, 196
(1991); Maher v. Freedom of Information Commission,192 Conn. 310, 315 (1984). "The general rule under the [FOIA] is disclosure with the exceptions to this rule being narrowly construed." (Brackets omitted.) Perkins v. Freedom of Information Commission,228 Conn. 158, 167 (1993); see also Superintendent of Police v.Freedom of Information Commission, 222 Conn. 621, 626 (1992);Rose v. Freedom of Information Commission, 221 Conn. 217, 232
(1992).
In the present case, the plaintiffs advance three arguments in support of their position: First, the plaintiffs contend that the FOIC's order is arbitrary, capricious and an abuse of discretion because it is contrary to the FOIC's prior interpretation of General Statutes § 1-19b(b)(1); second, that the court should note and give special attention to the words "nothing" and "in any manner" and how they are used within the context of § 1-19b(b)(1); and third, that the FOIC acted outside its statutory mandate by encroaching on judicial functions.
The court reviews the issues in accordance with the limited scope of judicial review afforded by the Uniform Administrative Procedure Act. Dolgner v. Alander, 237 Conn. 272, 280 (1996). The scope of permissible review is governed by § 4-183(j)[1]
and is very restricted. Cos Cob Volunteer Fire Co. No. 1, Inc. v.FOIC, 212 Conn. 100, 104 (1989); New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 774 (1988). The court may not retry the case or substitute its judgment for that of the agency. C H Enterprises, Inc. v. Commissioner of MotorVehicles, 176 Conn. 11, 12 (1978). "The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the CT Page 2200 determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. Hart Twin VolvoCorp. v. Commissioner of Motor Vehicles, 165 Conn. 42, 49,327 A.2d 588. See Paul Bailey's Inc. v. Kozlowski, 167 Conn. 493,496-97; 356 A.2d 114." (Citations omitted; internal quotation marks omitted.) Lawrence v. Kozlowski, 171 Conn. 705, 708 (1976), cert denied, 431 U.S. 969 (1977). "Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted.) Dolgnerv. Alander, supra, 237 Conn. 280-81.
"The interpretation of statutes presents a question of law. . . . Although the factual and discretionary determinations of administrative agencies are to be given considerable weight by the court . . . it is for the courts, and not for administrative agencies, to expound and apply governing principles of law. . . ." (Citations omitted; internal quotation marks omitted.) Connecticut Humane Society v. Freedom of Information,218 Conn. 757, 761-62 (1991); Domestic Violence Services ofGreater New Haven. Inc. v. FOIC, 47 Conn. App. 466, 470-71
(1998).
In the present case, the plaintiffs' first argument is that the FOIC's order is arbitrary, capricious and an abuse of discretion because it is contrary to the FOIC's own prior interpretation of General Statutes § 1-19b(b)(1). In support of this argument, the plaintiffs rely upon advisory opinion #74 (March 8, 1989), and Gifford v. Freedom of Information,227 Conn. 641, 631 A.2d 252 (1993). However, the advisory opinion was issued and Gifford decided prior to the Connecticut legislature's 1994 amendment to Connecticut General Statutes § 1-19b(b)(1), which substituted "limit the rights of litigants" for "affect the rights of litigants." Public Act 1994, No. 94-246, § 15. It is a basic tenet of statutory construction that the legislature intends to change existing law when it enacts a new statutory language, unless a contrary legislative intent appears. Caron v.Inland Wetlands and Watercourses Commission, 222 Conn. 269
(1992). The legislative amendment to § 1-19b(b)(1) from "affect" to "limit" in 1994 indicates a legislative intent not to allow the discovery process and judicial proceedings to restrict access to public records. Chief of Police v. Freedom ofInformation Commission, Superior Court, judicial district of CT Page 2201 Hartford-New Britain at Hartford, Docket No. 561310 (July 30, 1997, Aronson, J.) (20 Conn. L. Rptr. 230).[2]
The plaintiffs' reliance on Gifford v. Freedom of InformationCommission, supra, 227 Conn. 641, is misplaced. The holding inGifford is that police reports prepared in connection with an arrest are not required under the FOIA to be disclosed to the public during the pendency of the related criminal prosecution. The decision in Gifford was limited "solely to the issue of whether arrest reports must be disclosed during the pendency of the criminal prosecution." Id., 651.
Thus, the plaintiffs' first argument must fail.
The plaintiffs again rely on Gifford v. Freedom ofInformation Commission, supra, 227 Conn. 641 in arguing the statutory construction of the phrases "nothing" and "in any manner" contained within § 1-19b(b)(1). The plaintiffs argue that under § 1-19b(b)(1), a limitation in any way on a litigant's rights is contrary to the statute, regardless of how insignificant or unusual that limitation may be. The plaintiffs contend that this strict statutory interpretation of § 1-19b(b)(1) is consistent with the notion that any forced disclosure of documents against a party in litigation is a per se limitation of his or her rights as a litigant.
Of course, the purpose of discovery is to obtain information,State v. Jaynes, 36 Conn. App. 417, 422 (1994), while the purpose of the FOIA is to carry out the legislative mandate of free public access to public records, Board of Education v. Freedom ofInformation Commission, 208 Conn. 442, 451 (1988). Exemptions to this legislative mandate generally are narrowly construed.Perkins v. Freedom of Information Commission, supra,228 Conn. 167. This court agrees with the court in Chief of Police v.Freedom of Information Commission, supra, 20 Conn. L. Rptr. 230, when it stated:
We see no legislative intent to make the exemption in § 1-19b(b)(1) act as a shield but rather as a screening process for the FOIC to determine if disclosure would limit litigants' rights under the discovery process. The exemption in § 1-19b(b)(1) should not be used as a tool to "frustrate the `strong legislative policy in favor of the open conduct of government and free public access to government CT Page 2202 records.'" (Citations omitted).
Accordingly, the plaintiffs' argument concerning statutory construction of § 1-19b(b)(1) also must fail.
The last argument presented by the plaintiffs is that the FOIC acted outside its statutory mandate by encroaching on judicial functions. The plaintiffs contend that since Judge Aurigemma previously had issued a ruling concerning discovery of the tape recordings at issue in the prior Smith proceeding, the FOIC was beyond its jurisdiction in ruling on the disclosure of the documents at issue here. The documents at issue here are the records pertaining to complaints of discrimination or harassment filed by members of the Hartford Fire Department against other members of the fire department, and not the tape recordings which were the subject of Judge Aurigemma's discovery order. The plaintiffs had the burden of proof to establish the applicability of the claimed exemption to disclosure under § 1-19b(b)(1).Wilson v. Freedom of Information Commission, supra,181 Conn. 341. This burden of proof regarding the applicability of the statute required the plaintiffs to provide more than mere conclusory language, or arguments of counsel. New Haven v.Freedom of Information Commission, supra, 205 Conn. 775-76. Indeed, the plaintiffs must provide a sufficiently detailed record to reflect the reasons why an exemption applies to the materials requested. Id.
In the present case, the plaintiffs introduced no evidence that the discovery rules would apply to the records here at issue, other than a letter threatening further litigation. The tape recordings sought in Smith's bill of discovery were entirely different from the records sought here under the FOIA request. The FOIC's order of disclosure at issue here did not impact Judge Aurigemma's prior ruling. Indeed, the record is devoid of any evidence that any judge issued a discovery order dealing with the records sought in this FOIA request. Thus, the plaintiffs' argument that the FOIC exceeded its authority by encroaching on judicial functions must fail.
Based on the foregoing, the decision of the FOIC in this matter will not be disturbed and this administrative appeal therefrom is dismissed.
Michael Hartmere, Judge CT Page 2203